ALLEN and another *against* RAND and another.

An agent of the party, in whose behalf a deposition is taken, cannot draw up such deposition.

If one person requests another to do a particular act, and the latter does it, he is, in doing that act, the agent of the former.

Therefore, where a deponent, after attempting to give her deposition, became faint and exhausted, in consequence of which the taking of it was postponed to the next evening; and, in the mean time, the party procuring it to be taken, requested *C.*, a young lady, residing in the same house with the deponent, to write her deposition, from time to time, as she was able to give it; which *C.* accordingly did, in the absence of the adverse party and his counsel, and of the magistrate; it was held, that *C.*, in this transaction, was the agent of the first-mentioned party, and that the deposition so taken was inadmissible.

This was an action of trespass, tried at *Middletown, February* term, 1823, before *Hosmer,* Ch. J.

To prove a material fact, the defendants offered in evidence the deposition of *Mary Trowbridge;* to the admission of which the plaintiffs objected, on the ground, that it was written by the agent of the defendants, or of one of them. The circumstances were these. On *Monday* previous to the taking of the deposition, the parties met at the house where Mrs. *Trowbridge*

resided, with the magistrate who ultimately took the deposition. He attempted then to take it; but after writing a few lines, Mrs. *Trowbridge* became faint and exhausted; and the business was adjourned to the next evening. Afterwards, in the absence of the plaintiffs and their counsel, and of the magistrate, *Rand,* one of the defendants, requested *Cornelia Hall,* who was living in the house with Mrs. *Trowbridge,* to write her deposition, from time to time, as she was able to give it. With this request Miss *Hall* complied; and, at the time adjourned to, the plaintiffs not having attended, the paper thus written by her, was presented to the magistrate, and being read to Mrs. *Trowbridge,* was signed by her, and sworn to. The *Chief* Justice held, that the deposition was inadmissible; and rejected it. The plaintiffs having obtained a verdict, the defendants moved for a new trial, on the ground of this decision.

*Sherman,* in support of the motion, contended, that the deposition of Mrs. *Trowbridge* was legally taken. From her peculiar situation, it was necessary, that some person, residing in the house with her, who could watch her returns of strength, should write down her testimony for her. An *amanuensis* was indispensible. *Rand* requested Miss *Hall* to act in this capacity. He gave her no instructions. She did not know what use was to be made of the writing. There was not only nothing fraudulent or unfair in the transaction, but there was nothing in the situation of Miss *Hall* calculated to produce any *bias* on her mind. Aside from the single circumstance, that the request came from *Rand,* she acted in as unexceptionable a manner as she could. Then, does this circumstance, of itself, destroy the deposition? It was a lawful act; not prohibited by statute, and clearly not *malum in se.* If a request from the party to write a deposition, vitiates it; then such a request to the deponent, or to the magistrate, would have that effect. The material enquiry is, not at whose request the writing was done, but in what *capacity* the writer acted; whether it was done by an *agent* of the party; by one presumed to have an interest or bias in his favour. This, evidently, was not Miss *Hall's* situation. If she was the agent of *Rand,* her act was his act; but did *Rand* write this deposition? What she did was in aid of her inmate, the deponent, or of the magistrate engaged to take the deposition. It lightened their labour. She was their substitute; but not *Rand's.*

*Middlesex*,
July,
1824.

Allen
*v.*
Rand

*Staples* and *Hotchkiss*, contra, after remarking upon the salutary nature of the provisions of law, intended to guard against fraud in the taking of depositions, and the importance of adhering to the general rule prescribed, without enquiring whether there was any unfairness in the particular case, contended, that Miss *Hall* was in fact the agent of *Rand*, and acted as such, in writing the deposition of Mrs. *Trowbridge*. Whether she lightened Mrs *Trowbridge's* labour, or whether she was, in any sense, the *amanuensis* of Mrs. *Trowbridge*, is immaterial. Sufficient it is, that *Rand* employed her to do this service; and in doing it, she acted under his authority. If *A.* employs *B.* to do a particular act, and *B.* does it; is not *B.*, in doing that act, the agent of *A.?* The writing of depositions by *amanuenses*, employed by the *party*, is a door leading to all the mischiefs the legislature intended to guard against. That door this Court will not open.

Hosmer, Ch. J. The only question raised in this case, is, whether the deposition of Mrs. *Trowbridge* was legally rejected. By statute it is enacted, (*p.* 47.) that " the party, his *attorney*, or any person interested, shall not write, draw up or dictate any deposition ;" and that every such deposition, shall be rejected by the court. Whether the deposition of Mrs. *Trowbridge* was taken under the above law, or while the preceding statute was in force, does not appear from the motion ; but this is perfectly immaterial, as the law now existing is precisely similar to the former, not in words, but in the construction, which the courts had put upon it. The law will not trust an agent to draw up a deposition for his principal ; as by the insertion of a word, the meaning of which is not correctly understood, or by the omission of a fact that ought to be inserted, the testimony thus garbled and discoloured, will be false and deceptive. Nor is there a possible argument in favour of such a proceeding. The deponent may write the deposition ; or procure it to be written, by a disinterested person ; or it may be drawn up, by the magistrate who takes it; or the parties may agree on a fit person for this purpose. The statute, even when strictly construed, is sufficiently lax, when *ex parte* depositions are taken, at least not unfrequently, to admit of the poisoning of justice in the very fountain ; for if the evidence is untrue or partial, the result can never be conformable to right.

The deposition in question was written by *Cornelia Hall*, in the absence of the plaintiffs, their counsel, and the magistrate,

on the procurement of Mr. *Rand*, one of the defendants. He requested and procured her to write it, from time to time, as the deponent was able to give her testimony. Miss *Hall* was an agent and attorney, authorized by her principal to do this specific act; for what is an agent but a substitute or deputy, and an attorney but one who is put in the place, stead or turn of another? 3 *Black. Com.* 25. A general agent cannot be permitted to draw up a deposition; *a fortiori*, is a special agent objectionable, who, in the situation of Miss *Hall*, must be influenced, in some degree, by the wishes, feelings and interest of her employer. As the witness ought to be disinterested, so must the evidence be impartial, comprising the whole truth, as well as nothing but the truth; and this never can be rationally expected, when a deposition is drawn up by an attorney or agent, or what is little less exceptionable, by the party himself. Sickness constitutes no reason for the relaxation of the law; as it produces no actual necessity; and if it did, it would make no difference, as no such exception to the general rule is admissible. It is much preferable, that in particular instances, the party should even be deprived of testimony, than that a principle leading to wide-spread mischief should be adopted; as private disadvantage is a less evil, than general inconvenience. It is true, that an agent may draw up a deposition impartially; and there is no reason to doubt that the young lady, in the case before us, acted with the most delicate integrity. But the statute was made in prevention of wrong; and intends not, in any case, to place confidence where it *may* be abused.

BRAINARD and BRISTOL, Js. were of the same opinion.

PETERS, J. dissented.

New trial not to be granted.