Dodd v. Northrop.

### ISAAC DODD vs. ISAAC A. NORTHROP.

The statute (Gen. Stat., tit. 1, sec. 141,) provides that "the party, his attorney, or any person interested, shall not write, draw up, or dictate any deposition," &c. The magistrate who took a deposition in behalf of the defendant was the law partner of the defendant's counsel, and was himself counsel for the defendant in another case, and was employed to draw up the notice for taking the deposition; but the partnership with the defendant's counsel had been recently formed and did not embrace suits previously brought, of which this was one. Held that the deposition ought to be excluded.

The object of the statute is to secure the utmost fairness and impartiality in the taking of depositions, and it should be liberally construed to effect that object.

Assumpsit, tried to the jury in the Superior Court in Litchfield County, before *Phelps, J.*

On the trial the defendant offered the deposition of one Polly A. Cox, to the admission of which the plaintiff objected on the ground that it was taken before and drawn by William Burke, a justice of the peace, and then the law partner of Mr. Knapp, who was at that time the attorney for the defendant in the present cause and acting counsel for him on the trial; which was conceded to be true.

Upon this question the court found the facts to be, that the notice to take the deposition was drawn by Burke, but signed by the defendant personally; that at the time of the taking of the deposition Burke was the law partner of Knapp and attorney for the defendant in another action pending in the Superior Court in Fairfield County; that the copartnership was formed several months subsequently to the commencement of the present cause, and, by the terms of the contract between them, each copartner was to have no interest in the fees which the other should thereafter receive in cases in which they were respectively employed prior to the formation of the copartnership. It further appeared by the deposition, that the plaintiff and his attorney attended at the taking of the deposition and cross-examined the witness. Upon these facts the court sustained the objection and excluded the deposition.

A verdict was rendered in favor of the plaintiff, and the defendant moved for a new trial for error in the exclusion of the deposition.

*Graves* and *Knapp*, in support of the motion

1. The magistrate who took the deposition was legally authorized to do so. He had no pecuniary interest in the event of the suit, and no such interest as would disqualify. His co-partnership with the defendant's counsel did not commence until after this suit was brought, and the defendant's counsel was entitled to all the fees that might accrue from the case. He was not the attorney of the defendant within the meaning of the statute, which has reference to an attorney in the same suit. The fact of his being an attorney for the defendant in another action in an adjoining county can make no difference. *Wood* v. *Cole*, 13 Pick., 279; *Coffin* v. *Jones,* id., 441; *Chandler* v. *Brainard,* 14 id., 285. Although the notice was drawn by the magistrate, yet it was signed by the defendant, which meets the objection from the provisions of the statute and rebuts the idea of an agency, as the writing, drawing or dictation has reference to the deposition itself and not to the notice.

2. But assuming for purposes of argument that the magistrate was disqualified, yet the record shows that the plaintiff waived all irregularities in respect to the taking of the deposition. The plaintiff and his attorney appeared and were present during the whole of the direct examination and cross-examined the witness. 3 Greenl. Ev., § 351, and note; 1 id., §554; *Cazenove* v. *Vaughan,* 1 Maule & Selw., 4, 6; *Gass* v. *Stinson,* 3 Sumn., 98. There was no objection made by the plaintiff at the time the deposition was taken for any cause whatever. 1 Greenl. Ev., § 421; *Bailey* v. *Town of Trumbull,* 13 Conn., 582.

*Andrews* and *McMahon*, contra, cited *Allen* v. *Rand*, 5 Conn., 322.

CARPENTER, J. The statute provides that "the party, his-attorney, or any person interested, shall not write, draw up,

or dictate any deposition, &c." The object of the statute is obviously to secure the utmost fairness and impartiality in the taking of depositions. In furtherance of that object the courts have ever been disposed to interpret it liberally, and to reject depositions which were taken contrary to the manifest spirit of the statute, although not strictly violating its letter. Hence it was decided in *Smith* v. *Huntington*, 1 Root, 226, under a similar statute, that the agent of a party may not draw up a deposition. The same doctrine was held in *Allen* v. *Rand*, 5 Conn., 322. To put a more literal construction upon the statute would tend to laxity in the administration of justice—a result to be deplored rather than encouraged.

This view of the law would seem to establish the propriety of the ruling, in the court below, excluding the deposition.

The magistrate was the law partner of the defendant's counsel, and was himself counsel for the defendant in another case, so that the defendant was a client of each member of the firm. He was also employed to draw up the notice for taking the deposition, and to that extent at least was the agent of the defendant.

If upon these facts he was not technically the attorney for the defendant, it is obvious enough that his sympathies and feelings were favorable to him, and we think the court was justified in holding that he was not disinterested within the meaning of the statute. It is not enough that the magistrate acted fairly and impartially; he must be authorized by the statute to take the deposition or it cannot be used.

No question of waiver was made in the court below, and we have no occasion to consider it here.

A new trial is not advised.

In this opinion the other judges concurred, except GRANGER, J., who did not sit.