QUANTE, Administratrix, Plaintiff and Appellant, vs. ERICKSON and another, Defendants: THRESHERMEN'S MUTUAL INSURANCE COMPANY OF WISCONSIN, Intervening Plaintiff and Respondent.

*December 3, 1957—January 7, 1958.*

528

For the appellant there were briefs by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan.*

For the respondent there was a brief and oral argument by *Edward T. O'Neill* of Fond du Lac.

BROADFOOT, J.   Plaintiff relies on the provisions of sec. 102.16 (3), Stats., which reads as follows:

"No employer subject to the provisions of this chapter shall solicit, receive, or collect any money from his employees or make any deduction from their wages, either directly or indirectly, for the purpose of discharging any liability under the provisions thereof; nor shall any such employer sell to an employee, or solicit or require him to purchase medical or hospital tickets or contracts for medical, surgical, or hospital treatment required to be furnished by such employer."

Plaintiff's argument is based on public policy as expressed by the legislature in enacting the Workmen's Compensation Act and as expressed in decisions interpreting the statutes. Plaintiff states that the theory of the Workmen's Compensation Act is to impose the burden of industrial injury upon the employer rather than the employee, regardless of fault. Plaintiff then states that the language of sec. 102.16 (3), Stats., is broad and clearly evinces a legislative purpose to prohibit the employer from collecting or receiving compensation benefits from employees for any reason. No contention is made that the employer is attempting to receive or collect any money from the estate of the deceased employee. Plaintiff argues that collecting from Erickson's insurance company is exactly the same as if the employer were to deduct from Erickson's wages week by week, before or after the compensation payments are made, the amount of compensation it pays out or will pay out under the award made by the industrial commission. It will be noted that this argument is not advanced for or on behalf of Erickson. Apparently the argument is that if the employer or its insurance carrier participates in the payment by Erickson's insurance company the transaction would be void as against public

policy even though Erickson is willing to make the payment in settlement of his obligation. No case involving the issue is cited but it is contended that if the issue is determined contrary to the contentions of the plaintiff, then employers can deduct from employees' wages or offset claims for reimbursement against employees' wages. We think plaintiff's fears are unwarranted.

We have checked the history of the two sections involved and find that sec. 102.16 (3), Stats., was enacted as ch. 624, Laws of 1917, and appeared in the statutes as sec. 2394–15 (3). The section was renumbered by ch. 291, Laws of 1923. It has appeared without substantial change since it was first enacted.

Third-party liability under the Workmen's Compensation Act first appeared as sec. 2394–25 of the 1911 statutes. That section provided that making of a lawful claim against an employer for compensation operated as an assignment of any cause of action in tort which the employee or his personal representative had against any other party, and that the employer could enforce the liability of the third party in his own name. A further provision was added by ch. 599, Laws of 1913, providing that the making of a claim by an employee against a third party for damages operated as a waiver of any claim for compensation against the employer. Thus in 1917, when the section now numbered sec. 102.16 (3) was enacted, the injured employee had no interest in recoveries from third-party tort-feasors unless he waived his claim for compensation.

In 1919 sec. 2394–25, Stats., was amended and for the first time the injured employee was permitted to participate in the recovery from the third party. In 1923 said section was renumbered sec. 102.29. In 1931 and again in 1949 sec. 102.29 was re-created with substantially its present provisions. The revision of sec. 102.29 in 1931 was included in

a revision of all of ch. 102, Stats. Sec. 102.16 (3) was revised at the same legislative session but the changes were minor. In accomplishing this revision of ch. 102 the legislature had both sections in mind and we can only conclude that sec. 102.16 (3) was not considered as affecting sec. 102.29 (1) or the legislature would have so stated.

We have also checked the files of the legislative reference library. The reason for creating sec. 2394–15 (3), Stats., now sec. 102.16 (3), is shown by the following analysis identified as Document No. 369.23, W7c pt. 4, 1917, which reads as follows:

"Section 2394–15 Subsections 3 and 4 (pages 27 and 28, are new). Certain employers, particularly in the lumber and mining industries, are making monthly deductions from the wages of their employees, to build up a fund out of which to provide them with medical or hospital attendance, or both, in case of injury under compensation, and in this manner, loading upon the employee the burden which the act declares the employer shall bear for the same purpose.

"They are also inducing their employees to purchase hospital tickets or contracts for medical and hospital treatment in case of injury, and when injuries occur, instead of providing treatment at their expense, according to the law, they send the injured man to the hospital at which he has a ticket for treatment, without further cost. The purpose of this subsection is to eliminate the practice."

We think this explanation or analysis shows the legislative intent in creating the section. So far as we can determine no other legislative intent has ever been expressed. The changes in sec. 102.29 (1), Stats., have indicated a legislative intent to permit an injured employee to participate in the recovery from third-party tort-feasors. Under the circumstances in this case we cannot find that the rights of the plaintiff are affected by the provisions of sec. 102.16 (3). Here we have a case where the employer's motor-vehicle in-

surer is paying a substantial sum of money. The division as ordered by the trial court pursuant to statute will not reimburse the employer's compensation insurer in full and the plaintiff derives a substantial benefit from the payment over and above the amount of her compensation award.

*By the Court.*—Order affirmed.