ZIMMERMAN and wife, Plaintiffs, v. WISCONSIN ELECTRIC POWER COMPANY and another, Defendants and Respondents: MORAN, Third-Party Defendant and Appellant.

*March 1—April 9, 1968.*

628

For the appellant there was a brief by *Schneider & Tammi* of Milwaukee, and oral argument by *Walter M. Tammi.*

For the respondent Wisconsin Electric Power Company there was a brief by *Prosser, Zimmermann, Wiedabach, Koppa & Lane* of Milwaukee, and oral argument by *John F. Zimmermann.*

For the respondent Quality Aluminum Casting Company there was a brief by *Hippenmeyer, Reilly, Fritz & Arenz* of Waukesha, and oral argument by *Richard Hippenmeyer.*

HANLEY, J.   The sole issue presented on this appeal is whether sec. 102.03 (2), Stats., the exclusive remedy provision of the Workmen's Compensation Act, prevents the bringing of an action against a fellow employee of the injured party under sec. 102.29 (1).  Under sec. 102.03 (2), when conditions are present which give the injured employee the right to compensation pursuant to the act,

the recovery of such compensation is the exclusive remedy against the employer and the workmen's compensation insurance carrier. Sec. 102.29 (1) provides in part as follows:

"The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a third party; . . ."

The present issue was decided adversely to appellant in *McGonigle v. Gryphan* (1930), 201 Wis. 269, 271, 272, 229 N. W. 81, where the court stated as follows:

"The fact that the plaintiff has accepted compensation under the workmen's compensation act does not bar her right to maintain this action, because the compensation act does not affect the right to maintain any common-law action for tort except those in which the parties sustained toward each other the relationship of employer and employee. The workmen's compensation act deals exclusively with the relationship of employer and employee. 'In all cases that do not come within the provisions of the workmen's compensation act the injured employee may still resort to an action in tort to enforce his rights against one, other than his employer, who he alleges was guilty of negligence proximately causing his injuries.' *Cermak v. Milwaukee Air Power Pump Co.* 192 Wis. 44, 46, 211 N. W. 354.

"Appellant contends that by the use of the phrases 'other party' and 'third party' in sec. 102.29 of the Statutes the legislature evidenced an intent to limit recovery to those cases in which the tortfeasor was one who was 'outside the four walls of the industry' in which the injured person was employed. The statute contains nothing outside the fact that these phrases are used that would evidence any legislative intent to limit rights of action that existed under the common law when the workmen's compensation act was passed. On the other hand it is clear from a consideration of the whole act that it did not affect rights of action which existed under the common law in any cases except those in which the parties in-

volved sustained toward each other the relationship of employer and employee."

This result was adhered to in *Severin v. Luchinske* (1955), 271 Wis. 378, 73 N. W. 2d 477.

Furthermore, the legislature in 1961 rejected a proposed amendment to sec. 102.03 (2), Stats., which would have accomplished the result appellant argues for here. Bill No. 431, S., introduced on March 23, 1961, reads as follows:

"Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer, *the workmen's compensation insurance carrier, or a fellow employe of the employer except where injury is wilfully or maliciously inflicted by such fellow employe.*" (Emphasis supplied.)

The language eliminating the cause of action against a fellow employee was dropped from the bill, however. *See Kerner v. Employers Mut. Liability Ins. Co.* (1967), 35 Wis. 2d 391, 396, 397, 151 N. W. 2d 72. The bill as enacted changed sec. 102.03 (2) to its present form.

In an effort to overturn this long-established rule, appellant argues that sec. 102.16 (3), Stats., read in conjunction with sec. 102.29 (1) should be construed to prevent a third-party suit against a fellow employee. Sec. 102.16 (3) reads as follows:

"No employer subject to the provisions of this chapter shall solicit, receive or collect any money from his employes or make any deduction from their wages, either directly or indirectly, for the purpose of discharging any liability under the provisions thereof; nor shall any such employer sell to an employe, or solicit or require him to purchase medical or hospital tickets or contracts for medical, surgical, or hospital treatment required to be furnished by such employer."

Since sec. 102.29 (1) allows the employer or the employer's insurance carrier to be reimbursed out of the proceeds of a third-party action after the costs of collec-

tion have been paid and the employee has received one third of the balance, the argument is that to permit recovery against a fellow employee would be to sanction the employer's receiving money indirectly from his employees for the purpose of discharging his liability under the act.

While there is no doubt that by its terms sec. 102.16 (3), Stats., admits of the construction appellant wishes to put on it, that statute was in existence when the court decided the *McGonigle Case*; and the legislature has not subsequently seen fit to change the rule there enunciated. It is true that *McGonigle* did not discuss the possible application of sec. 102.16 (3), but that issue was raised in *Quante v. Erickson* (1958), 2 Wis. 2d 527, 531, 87 N. W. 2d 249. There the court stated as follows:

". . . The reason for creating sec. 2394–15 (3), Stats., now sec. 102.16 (3), is shown by the following analysis identified as Document No. 369.23, W7c pt. 4, 1917, which reads as follows:

" 'Section 2394–15 Subsections 3 and 4 (pages 27 and 28, are new). Certain employers, particularly in the lumber and mining industries, are making monthly deductions from the wages of their employees, to build up a fund out of which to provide them with medical or hospital attendance, or both, in case of injury under compensation, and in this manner, loading upon the employee the burden which the act declares the employer shall bear for the same purpose.

" 'They are also inducing their employees to purchase hospital tickets or contracts for medical and hospital treatment in case of injury, and when injuries occur, instead of providing treatment at their expense, according to the law, they send the injured man to the hospital at which he has a ticket for treatment, without further cost. The purpose of this subsection is to eliminate the practice.'

"We think this explanation or analysis shows the legislative intent in creating the section. So far as we can determine no other legislative intent has ever been expressed. The changes in sec. 102.29 (1), Stats., have indicated a legislative intent to permit an injured employee to participate in the recovery from third-party tort-feasors. Under the circumstances in this case we

cannot find that the rights of the plaintiff are affected by the provisions of sec. 102.16 (3). . . ."

The court has thus construed secs. 102.16 (3) [1] and 102.29 (1), Stats., against the interest of the appellant. It has often been said that once a construction has been given to a statute, the construction becomes a part of the statute; and it is within the province of the legislature alone to change the law. *See Mednis v. Industrial Comm.* (1965), 27 Wis. 2d 439, 444, 134 N. W. 2d 416; *Borello v. Industrial Comm.* (1965), 26 Wis. 2d 62, 70, 71, 131 N. W. 2d 847; and *Meyer v. Industrial Comm.* (1961), 13 Wis. 2d 377, 382, 108 N. W. 2d 556.

Anticipating, perhaps, the application of the rule that the legislature alone can change the law after its construction by the court, appellant calls attention to the court's abrogation of governmental and parental immunities. In *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, where governmental immunity from tort claims was abolished, and in *Goller v. White* (1963), 20 Wis. 2d 402, 122 N. W. 2d 193, abolishing parental immunity in negligence cases with two exceptions, the court declared that it had a responsibility to change a court-made rule of law when the interest of justice so demands even though the legislature refused to make the change. These cases have no application because the rule here was not court-made. The decisions of the court holding that a fellow employee is not immune from a third-party action are not a product of the court's ideas of what justice demands but are attempts to determine what the legislature intended when in the exercise of its power it amended the law. Where a law passed by the legislature has been construed by the courts, legislative ac-

[1] We do not find persuasive appellant's attempt to distinguish *Quante* from the case at bar on the ground that in *Quante*, an insurance company, was liable to pay the judgment against the fellow employee, whereas here no insurance coverage on appellant's behalf is apparent.

quiescence in or refusal to pass a measure that would defeat the courts' construction is not an equivocal act. The legislature is presumed to know that in absence of its changing the law, the construction put upon it by the courts will remain unchanged; for the principle of the courts' decision—legislative intent—is a historical fact and, hence, unchanging. Thus, when the legislature acquiesces or refuses to change the law, it has acknowledged that the courts' interpretation of legislative intent is correct. This being so, however, the courts are henceforth constrained not to alter their construction; having correctly determined legislative intent, they have fulfilled their function.

Another argument raised by appellant is that if a fellow employee is held to be a third party, he is denied the right to contribution or indemnity from his employer under the doctrine of *respondeat superior* because the employer is protected by the exclusive remedy provision of the act. However, it is the employer who is entitled to indemnity from his employee if he is held liable under the doctrine of *respondeat superior*. *Zulkee v. Wing* (1866), 20 Wis. 429, 431 (*408, *410).

Finally, the appellant contends that since modern industrial conditions so greatly expand the risk that an employee will negligently cause injuries, it is unjust to place any burden of care upon him. "The fundamental idea upon which liability is imposed is that an injury to an employee, like damage to a machine, is a burden that should be borne by the product of the industry and ultimately paid by those who consume this product." *Val Blatz Brewing Co. v. Industrial Comm.* (1930), 201 Wis. 474, 478, 230 N. W. 622. In light of what has been said before, this is a matter for the legislature to decide, since it pertains to the wisdom of enactments of policy it previously made.

Having determined that the long-standing construction of the Workmen's Compensation Act by the court and the

refusal of the legislature on one occasion to amend the act, clearly indicate the legislative intent that employees are within the class of "third parties" within the meaning of the act, we conclude that the order of the trial court overruling appellant's demurrer to the third-party complaint must be affirmed.

*By the Court.*—Order affirmed.