E. WAYNE WORTH, District Attorney, Adams County
You requested my opinion on three questions regarding the extent to which the professional and business ties between a family court commissioner and his law partner or partners limit the ability of any such partners to participate in actions affecting marriage. The questions, which specifically concern the restrictions placed on them pursuant to sec. 247.16, Stats., are as follows: first, whether a law partner of the family court commissioner can serve as counsel in a divorce action when the family court commissioner is himself an active participant in the court proceeding; second, whether a partner *Page 65 
of the family court commissioner can serve as counsel in a divorce action when an assistant family court commissioner and not the family court commissioner takes part in the hearing; third, whether a waiver signed by the immediate parties to the action, i.e., the two spouses and the guardian ad litem, if any, can operate to validate proceedings which technically violate sec. 247.16.
In my opinion, under sec. 247.16, Stats., a law partner of the family court commissioner is prohibited from serving as counsel in a divorce action in any court held in the county in which the family court commissioner holds office, regardless of whether it is the family court commissioner himself or an assistant who actually participates in the court proceeding. Further, it is my opinion that the waiver suggested in your third question could not under any circumstances operate to validate proceedings which violate sec. 247.16, and allow participation as counsel by a law partner of the family court commissioner. My reasoning follows:
Section 247.16, Stats., reads:
 "FAMILY COURT COMMISSIONER OR LAW PARTNER; WHEN INTERESTED; PROCEDURE. Neither such family court commissioner nor his partner or partners shall appear in any action affecting marriage in any court held in the county in which he shall be acting, except when authorized to appear by s. 247.14. In case he or his partner shall be in any way interested in such action, the presiding judge shall appoint some reputable attorney to perform the services enjoined upon such family court commissioner and such attorney, so appointed, shall take and file the oath and receive the compensation provided by law."
This statute was adopted (as sec. 2360h-3) in 1909, and has existed substantively unchanged since then. In 1925, the Attorney General addressed the question whether the family court commissioner (then "divorce counsel") of a county could appear as a private attorney in a divorce action. Concluding that he could not, the opinion stated:
 "Under [the] provisions of the statute, it seems clear that the divorce counsel is prohibited from appearing in any divorce action, except when he appears . . . as authorized by [sec. 247.14]. The statute clearly provides that neither such divorce *Page 66 
counsel nor his partner or partners shall appear in any action for divorce, except when authorized to appear under [sec. 247.14].
 "This language is clear and explicit, and I see no ambiguity in its terms. Neither does the second sentence in [sec. 247.16] throw any doubt upon its meaning. In case the divorce counsel or his partner is in any way interested in such action, then another attorney must be appointed to act as divorce counsel. The `interest in such action' there referred to cannot in any way be construed to include an interest that the divorce counsel may have acquired by commencing a divorce action or by being retained as the defendant's attorney in a divorce action, because he is expressly prohibited by the first sentence in said section, from appearing in a divorce action, except when he appears as authorized by statute, in the public capacity of divorce counsel. He cannot appear as a private attorney as attorney for either the plaintiff or defendant in any divorce action in this state." 14 Op. Att'y Gen. 164, 165 (1925).
While it is not material to the present inquiry, it should be pointed out that the last sentence quoted above is inaccurate. The prohibition is not state-wide. In view of the provisions of the first sentence of sec. 247.16, it should read, "He cannot appear as a private attorney as attorney for either plaintiff or defendant in any divorce action in any court held in the countyin which he shall be acting."
Since 14 Op. Att'y Gen. 164 (1925) was issued, the Legislature has had occasion to reconsider and revise the statutes dealing with the family court commissioner, but has left the provisions of sec. 247.16 substantively unchanged. In fact, the Legislative Council Notes accompanying the revision in the statute which changed "divorce counsel" to "family court commissioner" contains a declaration that other than the minor language change for uniformity the Legislature was merely restating "the present law." The significance of the Legislature's failure to amend the statute subsequent to the Attorney General's 1925 construction of it cannot be disregarded. Its effect is analogous to that of construction of a statute by the supreme court under like circumstances. The supreme court in Zimmerman v. Wisconsin Elec.Power Co., 38 Wis.2d 626, 157 N.W.2d 648 (1967), gave a clear statement of the general rule: *Page 67 
 ". . . Where a law passed by the legislature has been construed by the courts, legislative acquiescence in or refusal to pass a measure that would defeat the courts' construction is not an equivocal act. The legislature is presumed to know that in absence of its changing the law, the construction put upon it by the courts will remain unchanged; . . . . Thus, when the legislature acquiesces or refuses to change the law, it has acknowledged that the courts' interpretation of legislative intent is correct." Zimmerman, supra, p. 633-634.
See also cases 15 Callaghan's Wisconsin Digest, sec. 180Statutes, p. 621-622 (1951), and pocket part p. 187-188 (1976).
It is clear that the 1925 Attorney General construction of sec. 247.16, Stats., continues to be valid today. That opinion dealt specifically with the statute as it related to the family court commissioner. However, sec. 247.16, by its plain language and parallel structure ("Neither such family court commissioner nor his partner or partners . . . .") imposes the same restrictions on his law partners. Given this fact and in view of the continuing validity of the prior construction of this statute, the answer to your first question is obvious: the law partner or partners of a family court commissioner are expressly prohibited from appearing as counsel in a divorce action when the family court commissioner participates in the court proceeding in his public capacity.
I believe the above analysis provides an adequate basis for my answer to your second question. However, additional supporting evidence exists and should be mentioned. Section 247.16 prohibits both the family court commissioner and his law partners from appearing as private attorneys "in any action affecting marriage in any court held in the county in which he shall be acting." (Emphasis added.) It has been argued that the word "acting" may be interpreted to mean "participating as commissioner in a court action." In this way the law partners of the family court commissioner would be restricted from appearing as counsel only in those cases where the family court commissioner himself directly participates in the court proceeding. Such a construction, however, strains both the letter and the spirit of the law.
The Connecticut court in Yudkin v. Gates, 60 Conn. 426,22 A. 776, 777 (1801), construed the word "act" in a similar framework as *Page 68 
part of a statute providing that no justice of the peace shall "act" in any cause in which he is an attorney. The court's analysis is persuasive:
 ". . . this precise question has been decided . . . in New Hartford v. Canaan, 52 Conn. 166, where . . . the court says: `This language is so exceedingly broad, embracing in terms any act and any proceeding, that we do not feel at liberty to . . . restrict its application exclusively to an actual trial in court before the interested magistrate.' . . . we think, when the object of such statutes, which is, as was said in Dodd v. Northrop, 37 Conn. 216, to `secure the utmost fairness and impartiality,' is considered, that (as is also suggested in that case) the construction which is in furtherance of that object should be most liberal."
The Legislature's use of the term "act" in sec. 247.13 (1), is also enlightening:
 "FAMILY COURT COMMISSIONER; APPOINTMENT; POWERS; OATHS; ASSISTANTS; MENOMINEE COUNTY. (1) . . . Before entering upon the discharge of his duties such commissioner shall take and file the official oath. The person so appointed shall continue to act until his successor is appointed and qualified, except that in the event of his disability or extended absence said judges may appoint another reputable attorney to act as temporary family court commissioner . . . ." (Emphasis added.)
The words "act" and "acting" in secs. 247.13 and 247.16, are obviously used in the sense of holding the office and fulfilling all the functions of family court commissioner, and not merely in the sense of participating as commissioner in a particular court proceeding.
Adopting a broad interpretation of the word "acting" is even more understandable in light of the many other duties the family court commissioner has besides that of appearing in actions affecting marriage. A revealing description of the unique and significant role of the family court commissioner is presented in "Three Dimensions of Divorce" by former Wisconsin Supreme Court Justice Robert W. Hansen (then Circuit Judge, Family Court of Milwaukee): *Page 69 
 ". . . one all-important aspect of the Family Code is not to be ignored: the duties and responsibilities of the Family Court Commissioner. The key to the success of the Code in any Wisconsin county is the Family Court Commissioner. To read the Wisconsin Family Code is to realize that a major share of the responsibility for: 1.), seeing that an attempt to reconcile the parties is made; 2.), protecting the rights of children and enforcing child support orders; and 3.), representing the public interest and public policy at the trial of divorce actions — is placed upon the shoulders of the Family Court Commissioner. It is not too much to say that, unless the Family Court Commissioner tackles his many assignments with dedication, determination and enthusiasm, the expectations of the Code drafters are not likely to be realized.
"***
 "All pleadings and motions in a divorce action must be served upon the family court commissioner. In every action for divorce or legal separation, the family court commissioner shall cause an effort to be made to effect a reconciliation between the parties.
"***
 "The Family Court in Wisconsin is a partnership of two disciplines — the legal and the therapeutic . . . . It is the not always easy responsibility of the Family Court Commissioner to be the linchpin between the legal and therapeutic phases of family court operations in Wisconsin. He must do several jobs and do them well — and that is no easy assignment." 50 Marquette L.R. p. 1, 12-14 (1966).
The recent changes made by the Legislature in enacting its "no-fault divorce" bill (L. 1977 ch. 105) do not affect this role in any way material to this opinion.
Section 247.16, Stats., was designed to prevent any conflict of interest in the duties of the family court commissioner. However, mere absence from a court proceeding (were his law partners allowed to appear) would not eliminate the risk of conflict of interest, in view of his many other duties which would inevitably bring him in contact with the case. Therefore, in answer to your second question, it is my *Page 70 
opinion that pursuant to sec. 247.16, Stats., a law partner of the family court commissioner is prohibited from appearing as counsel in a divorce action held in any court in the county in which the family court commissioner is acting even when an assistant family court commissioner and not the family court commissioner participates in the court proceeding.
Your final question on "waiver" apparently rests on the assumption that the only parties in a divorce action are those parties immediately involved in it — the two spouses and possibly a guardian ad litem. However, in Wisconsin it is clear that the public has an interest in any action affecting the voiding or dissolving of marriage. The family court commissioner is an integral and necessary representative of the public interest in all divorce cases. de Montigny v. de Montigny,70 Wis.2d 131, 141, 233 N.W.2d 463 (1975). By enacting sec. 247.16, Stats., the Legislature showed its intent that the public's interest be insulated from any personal interest, however remote, of the family court commissioner. The individual parties to a divorce action clearly do not have the power to waive the public's interest in the divorce. A signed waiver would therefore be totally ineffective under the circumstances.
In closing, while my conclusion that pursuant to sec. 247.16, Stats., the family court commissioner and his law partner or partners are disqualified from appearing as counsel in all divorce actions in the county in which the commissioner is acting needs no reinforcement, I draw your attention to the Code of Professional Responsibility, "E.C. 9-6 Every lawyer owes a solemn duty . . . to strive to avoid not only professional impropriety but also the appearance of impropriety." 43 Wis.2d, xiii, 1xxii (1969); see also E.C. 8-8, 1xix and E.C. 5-1, xxxix.
BCL:JEA *Page 71