SHERMAN, J.
*182 ¶ 1 Sara J. Scace appeals from an order of the circuit court directing that the last name of Scace's child[1] be changed to Scace-Schulte. Bryan J. Schulte, who acknowledged paternity of the child, argued for the name change. Scace argues that the court lacked the statutory authority to order the child's name change and that, even if the court had the authority to change the child's name, the court erred in determining that the name change is in the best interests of the child. We agree that the circuit court lacked the authority to change the child's name under these facts and reverse the order on that basis.
BACKGROUND
¶ 2 Scace, who was unmarried, gave birth to a child in 2014. At birth, as reflected on the birth *183 certificate, the child was given only the mother's surname. At *191 or near the time of birth, Schulte signed a voluntary acknowledgment of paternity form and therein asserted that he is the father of the child. Scace commenced this action to resolve disputes between the parties about custody, visitation, child support, and the surname of the child.[2] All issues were resolved by stipulation, except the issue of changing the child's surname.
¶ 3 After briefing, the circuit court determined that it had the authority to change the child's surname in this situation, reasoning:
In reviewing [ WIS. STAT. ch.] 767 [ (2015-16)[3] ] the Court observes that the subchapter (IX) of [§] 767 is entitled paternity and all provision[s] from [§§] 767.80 to 767.895 are statutory provisions addressing determinations of paternity. Additionally, [§] 767.805 states that a voluntary acknowledgment of paternity that is conclusive shall have the same effect as a judgment of paternity. Consequently, this Court concludes that the provisions of [§] 767.89 should apply to actions brought premised on such acknowledgment of paternity. Therefore, the name change provisions should and must be equally available to a child whose paternity is established by the voluntary acknowledgment or by a court ordered determination of paternity.
The court then determined that the best interests of the child are served by the hyphenated surname and ordered the change of name. Scace appeals.
*184 DISCUSSION
¶ 4 "The [circuit] courts in paternity actions are limited to the authority provided in the paternity statutes." State v. R.R.R. , 166 Wis. 2d 306, 312, 479 N.W.2d 237 (Ct. App. 1991). The question of whether the circuit court had the authority to order the change of name in this action involves a question of statutory interpretation. "Statutory interpretation is a question of law that we review de novo." State v. Cole , 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432.
¶ 5 Subchapter IX (Paternity) of WIS. STAT. ch. 767 (Actions Affecting the Family) contains a comprehensive procedure for the determination of paternity either through an action commenced by the filing of a petition, see WIS. STAT. § 767.80(5), or by motion in an action already commenced. See § 767.80(1). When a determination of paternity is sought by a direct action or through a motion in an already commenced action, the circuit court issues a judgment or order of paternity. See WIS. STAT. § 767.89. The specifics of what a judgment or order determining paternity must contain are set forth in § 767.89(3). These provisions concern, among other things, custody, placement and support. See § 767.89(3)(b), (c). In addition, the circuit court is specifically authorized to change the name of the child in any such judgment or order. See § 767.89(3m).[4]
¶ 6 Alternatively, and in contrast to the procedure just described, paternity can be determined by *185 the voluntary acknowledgement *192 of the father. WISCONSIN STAT. § 767.805, which is found in the same subchapter as WIS. STAT. § 767.89, provides for the voluntary acknowledgement of paternity by filing a statement with the state registrar, which becomes a "conclusive determination" of paternity after the expiration of a period during which the paternity acknowledgement can be rescinded. See § 767.805(1). An action for custody, placement or support may be brought with respect to a child whose paternity is determined by voluntary acknowledgment. See § 767.805(3)(a). Section 767.805(1) provides that a determination of paternity based on an acknowledgement "shall be of the same effect as a judgment, of paternity." Similar to where the circuit court has issued a judgment in an action determining paternity, the contents of an order for the custody, placement or support of a child whose paternity is determined by voluntary acknowledgment is set forth by statute. See § 767.805(4).
¶ 7 The dispute in this case arises because, in contrast to the statute that governs paternity judgments through direct action, the statute that governs determinations of paternity based on acknowledgement does not authorize a circuit court to change the child's name. Nonetheless, the circuit court here concluded that it had the authority to change the child's name, pointing to the statutory scheme and the "same effect as a judgment" language in WIS. STAT. § 767.805(1).
¶ 8 In Wisconsin, "[s]tatutory interpretation begins with the statute's text; we give the text its common ordinary, and accepted meaning, except that we give technical or specially defined words their technical or special definitions."
*186 State v. Warbelton , 2008 WI App 42, ¶ 13, 308 Wis. 2d 459, 747 N.W.2d 717. Where "the meaning of a statute is clear from its language, we are prohibited from looking beyond such language to ascertain its meaning. However, if a statute does not clearly set forth the legislative intent, we must look at the history, scope, context, subject matter, and object of the statute." Lake City Corp. v. City of Mequon , 207 Wis. 2d 155, 163, 558 N.W.2d 100 (1997). Scope, context, and purpose are relevant to a plain-meaning interpretation of an unambiguous statute as long as the scope, context, and purpose are ascertainable from the text and structure of the statute itself, rather than extrinsic sources, such as legislative history. State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110.
¶ 9 At issue here are WIS. STAT. §§ 767.89 and 767.805. Although the provisions are similar, they are not identical. To repeat, in the case of adjudication of paternity, § 767.89(3m) specifically authorizes the circuit court to change a child's name, while in the case of a child whose paternity is determined by voluntary acknowledgment, no such statutory authority is given. See § 767.805.
¶ 10 We are instructed by our supreme court that in interpreting a statute:
Context is important to meaning. So, too, is the structure of the statute in which the operative language appears. Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.
Kalal, 271 Wis. 2d 633, ¶ 46, 681 N.W.2d 110.
*187 ¶ 11 We are also instructed that:
[W]hen interpreting a statute, statutes governing similar subjects should be considered together, such that where a *193 statute governing one subject contains a given provision, the omission of that same provision from a statute governing a related subject is evidence that a different intention existed.
Wisconsin Citizens Concerned for Cranes and Doves v. DNR , 2004 WI 40, ¶ 35, 270 Wis. 2d 318, 677 N.W.2d 612.
¶ 12 As we have noted, the authority to change a child's name is provided in the statute governing what a circuit court may order in a paternity judgment, but not in the statute governing what a circuit court may order after voluntary acknowledgment of paternity. From this difference as well as the clear language and the context of the statutes, it necessarily follows that the legislature intended that the circuit court did not have the authority to change the child's name in this fact situation. Put more specifically, the legislature intended not to grant the circuit court the authority to change a child's name where paternity is determined through voluntary acknowledgment.
¶ 13 This interpretation of the statutes is confirmed by another tool at our disposal for interpreting statutory language. While we do not consider, in the absence of ambiguity, extrinsic sources such as the legislative history of a statute, we may consider "a statute's background in the form of actually enacted and repealed provisions." Kalal , 271 Wis. 2d 633, ¶ 52 n.9, 681 N.W.2d 110.
*188 ¶ 14 WISCONSIN STAT. § 767.89(3m),[5] authorizing a circuit court to include a change of a child's name in an order or judgment of paternity, was first enacted by 2001 Wisconsin Act 16, the executive budget bill, as a "stand alone" provision that did not mention any other section of the paternity subchapter. At the time of the enactment of that subsection, the paternity statutes did not contain any provision for changing a child's name. See In re the Paternity of Noah J.M. , 223 Wis. 2d 768, 773, 590 N.W.2d 21 (Ct. App. 1998). Thus, in Noah J.M. , we held that a circuit court lacked the authority to change a child's name in a paternity action, unless the court complied with the statute governing the changing of names, WIS. STAT. § 786.36, which required, among other things, that a petition to change a child's name be made by both parents, if living. Id. at 775, 590 N.W.2d 21. It was only after we issued our decision in Noah J.M. that the legislature enacted WIS. STAT. § 767.89(3m) authorizing the circuit court in an order or judgment for paternity to order a change to a child's name. However, the legislature did not authorize such authority in actions where paternity is acknowledged under WIS. STAT. § 767.805.
¶ 15 Where, as here, the legislature left WIS. STAT. § 767.805 unaltered, it "is presumed to know that in absence of its changing the law, the construction put upon it by the courts will remain unchanged." Zimmerman v. Wisconsin Elec. Power Co. , 38 Wis. 2d 626, 634, 157 N.W.2d 648 (1968).[6]
*194 *189 ¶ 16 This statutory background confirms the aspects of a plain meaning interpretation of the statute which we have already considered: the lack of inclusion of the power in WIS. STAT. § 767.805 and the contrast of that lack of inclusion with the specific granting of the power in WIS. STAT. § 767.89(3m).[7] Consequently, we conclude that the circuit court does not have the power to change the name of a child where paternity has been determined on the basis of voluntary acknowledgment under § 767.805.
*190 ¶ 17 Having determined that the circuit court lacked the authority to change the child's name, we do not reach the issue of whether it properly determined the child's best interest in doing so. See Turner v. Taylor, 2003 WI App 256, ¶ 1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (when a decision on one issue is dispositive, we need not reach other issues raised).
CONCLUSION
¶ 18 We reverse the circuit court's decision and vacate the order changing the child's name.
By the Court. -Order reversed.

To protect the child's privacy, we do not refer to him or her by name. To avoid the awkward but necessary formulation here, we will generally simply refer to "the child."

It is not clear from the record how the issue of the child's surname arose. There is neither a motion nor a petition for name change in the record. There are, however, briefs on the issue from each of the parties in the circuit court record.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Wisconsin Stat. § 767.89(3m) provides that a circuit court may include in a judgment or order determining paternity an order changing the child's name either upon request of both parents, or upon request of only one parent and after finding that the name change is in the child's best interest.

It was originally numbered Wis. Stat. § 767.51(3m) in accordance with the statutory scheme then in effect. It was renumbered to Wis. Stat. § 767.89(3m) by 2005 Wisconsin Act 443, which generally reformed chapter 767.

This concept is sometimes referred to as the doctrine of acquiescence:
Where a law passed by the legislature has been construed by the courts, legislative acquiescence in or refusal to pass a measure that would defeat the courts' construction is not an equivocal act. The legislature is presumed to know that in absence of its changing the law, the construction put upon it by the courts will remain unchanged; for the principle of the courts' decision-legislative intent-is a historical fact and, hence, unchanging. Thus, when the legislature acquiesces or refuses to change the law, it has acknowledged that the courts' interpretation of legislative intent is correct.
Zimmerman v. Wisconsin Elec. Power Co. , 38 Wis. 2d 626, 633-34, 157 N.W.2d 648 (1968). "This doctrine of legislative acquiescence applies with equal, if not greater, force where the legislature has acted on the statute, but declines to revise the interpreted language." Estate of Miller v. Storey , 2017 WI 99, ¶ 51, 378 Wis. 2d 358, 903 N.W.2d 759.

As Scace points out in her appellate brief, this is consistent with the holding of the Wisconsin Supreme Court in Groh v. Groh , 110 Wis. 2d 117, 123, 327 N.W.2d 655 (1983), that "where the legislature has set forth a plan or scheme as to the manner and limitation of the court's exercise of its jurisdiction, that expression of the legislative will must be carried out and power limitations adhered to."
Schulte suggests that it is not reasonable that the court has the power to order a name change only in cases where the court has issued an order of judgment of paternity, but not where the father has acknowledged paternity. This argument is properly addressed to the legislature.