# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2019AP1272-CR |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin, |
| | Plaintiff-Appellant, |
| | v. |
| | Jordan Alexander Lickes, |
| | Defendant-Respondent-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 394 Wis. 2d 161, 949 N.W.2d 623
PDC No:2020 WI App 59 - Published

| | |
|---|---|
| OPINION FILED: | June 15, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 18, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Green |
| JUDGE: | James R. Beer |

JUSTICES:

REBECCA GRASSL BRADLEY, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., ROGGENSACK, HAGEDORN, and KAROFSKY, JJ., joined. ANN WALSH BRADLEY, J., filed a dissenting opinion in which DALLET, J., joined.
NOT PARTICIPATING:

ATTORNEYS:

For the defendant-respondent-petitioner, there were briefs filed by *Catherine E. White* and *Hurley Burish, S.C.*, Madison. There was an oral argument by *Catherine E. White*.

For the plaintiff-appellant, there was a brief filed by *Scott E. Rosenow*, assistant attorney general; with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Scott E. Rosenow*.

An amicus curiae brief was filed by *Susan Lund, Sheila Sullivan, Julie Leary, Jessie Long* and *Legal Action of Wisconsin, Inc*., Milwaukee.

2021 WI 60

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1272-CR
  (L.C. No. 2012CF64)

STATE OF WISCONSIN    :    IN SUPREME COURT

State of Wisconsin,

    Plaintiff-Appellant,

    v.

Jordan Alexander Lickes,

    Defendant-Respondent-Petitioner.

**FILED**

**JUN 15, 2021**

Sheila T. Reiff
Clerk of Supreme Court

REBECCA GRASSL BRADLEY, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., ROGGENSACK, HAGEDORN, and KAROFSKY, JJ., joined. ANN WALSH BRADLEY, J., filed a dissenting opinion in which DALLET, J., joined.

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 REBECCA GRASSL BRADLEY, J. Jordan Lickes seeks review of the court of appeals decision,[1] which reversed the Green County Circuit Court's order expunging three of Lickes's convictions.[2]

---

[1] State v. Lickes, 2020 WI App 59, 394 Wis. 2d 161, 949 N.W.2d 623.

[2] The Honorable Judge James R. Beer, Green County Circuit Court, presided.

Pursuant to Wis. Stat. § 973.015(1m)(a) (2017-18),[3] for individuals under the age of 25 at the time of an offense, a court "may order at the time of sentencing that [the individual's] record be expunged upon successful completion of the sentence[.]" If the individual is placed on probation, § 973.015(1m)(b) provides that he "has successfully completed the sentence if . . . [he] has satisfied the conditions of probation," among other things.

¶2 Lickes raises two principal issues. First, Lickes contends that the phrase "conditions of probation" under Wis. Stat. § 973.015(1m)(b) does not refer to the conditions set by the Department of Corrections (DOC) but only those conditions ordered by the sentencing court. According to Lickes, he did not need to satisfy DOC's conditions of probation in order for the circuit court to expunge all three of his convictions. Second, Lickes argues that, even if the phrase "conditions of probation" includes conditions set by DOC, circuit courts nonetheless have discretion to determine that an individual "satisfied [his] conditions of probation" despite having violated one or more conditions.

¶3 We hold: (1) the phrase "conditions of probation" in Wis. Stat. § 973.015(1m)(b) means conditions set by both DOC and the sentencing court; and (2) the statute does not give circuit courts discretionary authority to declare an individual has "satisfied [his] conditions of probation" if the record demonstrates an individual has violated one or more "conditions of

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

probation," including DOC-imposed conditions. The circuit court erred in expunging Lickes's three convictions because he failed to satisfy DOC's "conditions of probation" for all three convictions. We affirm the decision of the court of appeals.[4]

## I. BACKGROUND

¶4 Based on an incident in April 2012, the State charged then 19-year-old Lickes with four counts: (1) fourth-degree sexual assault, in violation of Wis. Stat. § 940.225(3m) (hereinafter "Count 1"); (2) sexual intercourse with a child aged 16 or older, in violation of Wis. Stat. § 948.09 (hereinafter "Count 2"); (3) disorderly conduct, in violation of Wis. Stat. § 947.01(1) (hereinafter "Count 3"); and (4) exposing genitals or pubic area, in violation of Wis. Stat. § 948.10(1) (hereinafter "Count 4").[5]

¶5 Lickes pled guilty to Count 2 and no contest to the other three counts. The circuit court sentenced Lickes in January 2014. For Counts 1 and 3, the circuit court withheld sentence and placed Lickes on probation for 24 months. For Count 2, the circuit court sentenced Lickes to 90 days in county jail with Huber privileges.[6]

---

[4] Decrying the "consequences" of the court's decision, the dissent advances several policy-laden arguments for affording circuit court judges greater discretion to apply a more forgiving approach toward expungement. Such policy choices rest with the legislature, not this court, which is limited to saying what the law is and not what we may wish it to be.

[5] For Counts 1 and 3, the State originally charged Lickes with third-degree sexual assault and child enticement, respectively. However, the State later amended the charges as reflected above.

[6] Huber privileges allow individuals to leave county jail for certain purposes, such as "[w]orking at employment" or "[p]erforming community service work." Wis. Stat. § 303.08.

For Count 4, the circuit court imposed and stayed a three-year prison sentence—comprising one year of initial confinement and two years of extended supervision—and placed Lickes on three years of probation.

¶6 For convictions under Counts 1, 3, and 4, the circuit court imposed approximately ten conditions of probation. One of the conditions required Lickes to "enter into, participate [in], and successfully complete sex offender treatment." The circuit court informed Lickes that if he "successfully complete[d] probation and all the terms," the circuit court would expunge Lickes's convictions on Counts 1, 3, and 4, pursuant to Wis. Stat. § 973.015(1m).

¶7 On October 6, 2015, Lickes's probation agent at DOC sent a document to the circuit court disclosing that "Mr. Lickes has violated his probation multiple times." In particular, the document stated that "Mr. Lickes has had unapproved sexual contact, has given his agent false information, and has been terminated from Sex Offender Treatment." The next page of the document contained Lickes's signature, along with the statement: "I hereby admit as shown by my signature . . . that I violated the rules and conditions of probation as described on the front [of the document]." The document also indicated that, "in lieu of probation revocation proceedings being initiated, I hereby accept 45 days, as shown by my signature, . . . in the Green County Jail." The circuit court accepted the agreement between Lickes and DOC, ordering Lickes to serve 45 days in jail with Huber privileges.

4

¶8 On January 23, 2016, Lickes completed his term of probation for his convictions under Counts 1 and 3. On July 8, 2016, Lickes sent a letter to the circuit court requesting expungement for his convictions for Counts 1 and 3, pursuant to Wis. Stat. § 973.015. In September 2016, Lickes's DOC probation agent sent the circuit court a form entitled "Verification of Satisfaction of Probation Conditions for Expungement" regarding Counts 1 and 3. The form contained conflicting information. On the one hand, Lickes's probation agent checked a box stating that "[t]he offender has successfully completed his/her probation." However, the probation agent also checked a box stating that "[a]ll court ordered conditions have not been met," noting that "Lickes is still currently participating in sex offender treatment." (Emphasis in original.) The probation agent also declined to check the box stating that "[a]ll court ordered conditions have been met."

¶9 On January 23, 2017, Lickes completed his term of probation for Count 4. In July 2018, Lickes's probation agent sent the circuit court a form entitled "Certification of Discharge and Satisfaction of Probation Conditions for Expungement" regarding Count 4. On this form, the probation agent checked the box stating that "[t]he offender has successfully completed his/her probation" and "[a]ll court ordered conditions have been met."

¶10 In January 2019, the State filed a brief in circuit court opposing Lickes's expungement for convictions under Counts 1, 3, and 4, arguing that Lickes failed to satisfy his "conditions of

5

probation." According to the State, Lickes was not entitled to expungement because, as evidenced in the October 2015 document, Lickes violated his conditions of probation established by DOC. The State contended that, per Wis. Stat. § 973.015(1m) and this court's decision in State v. Ozuna, 2017 WI 64, 376 Wis. 2d 1, 898 N.W.2d 20, the phrase "conditions of probation" refers to conditions set by both DOC and the sentencing court, and the circuit court must deny expungement if an individual has violated one or more of the conditions——as Lickes had allegedly done. Lickes submitted a brief arguing he was entitled to expungement.

¶11 In March 2019, the circuit court held expungement hearings regarding Counts 1 and 3. The circuit court ordered both of Lickes's convictions expunged. The circuit court found Lickes satisfied the sentencing court's conditions of probation, and Lickes's violations of the DOC conditions did not prevent expungement. In doing so, the circuit court relied, in part, upon the fact that Ozuna was not a unanimous decision and that the legislature's "intent" is to not "have so many people having criminal records."

¶12 The circuit court ordered supplemental briefing regarding the conviction for Count 4, held an expungement hearing on Count 4 in May 2019, and granted expungement for that conviction. Despite Lickes violating some of DOC's conditions of probation, the circuit court determined he was nevertheless entitled to expungement because, among other reasons, "[Ozuna] does not deal with this situation" and it "declines to expand [Ozuna's holding]." The circuit court acknowledged that "Mr.

6

Lickes did break a rule, but it was not deemed serious by the Department [of Corrections], in that they didn't try to revoke probation[.]"

¶13 The State appealed the circuit court's decision. The court of appeals reversed the circuit court's order granting expungement of Lickes's convictions for all three counts. We granted Lickes's petition for review.

## II. STANDARD OF REVIEW

¶14 This case requires us to interpret the expungement statute, Wis. Stat. § 973.015, and its application to undisputed facts. Statutory interpretation and its application are questions of law we review "independently, while benefiting from the decisions by the court of appeals and circuit court." State v. Stephenson, 2020 WI 92, ¶18, 394 Wis. 2d 703, 951 N.W.2d 819 (quotations and alterations omitted); see also Ozuna, 376 Wis. 2d 1, ¶9.

## III. DISCUSSION

A. "Conditions of Probation" in Wis. Stat. § 973.015(1m)(b)

¶15 "The Wisconsin statutes empower a circuit court to order certain criminal offenses to be expunged from a person's record, if the offender was younger than 25 at the time of the commission of the offense." Ozuna, 376 Wis. 2d 1, ¶11. Specifically, Wis. Stat. § 973.015(1m)(a) provides:

> [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the

7

<u>sentence</u> if the court determines the person will benefit and society will not be harmed by this disposition.

(Emphasis added.) "Under the statutory scheme, the determination of a defendant's eligibility for expungement must be made at the time of sentencing." <u>Ozuna</u>, 376 Wis. 2d 1, ¶11 (citing <u>State v. Matasek</u>, 2014 WI 27, ¶45, 353 Wis. 2d 601, 846 N.W.2d 811).

¶16 "If the circuit court determines that the defendant is eligible for expungement under Wis. Stat. § 973.015(1m)(a), 'the plain language of the statute indicates that once the defendant successfully completes his sentence, he has earned, and is automatically entitled to, expungement.'" <u>Id.</u>, ¶12 (quoting <u>State v. Hemp</u>, 2014 WI 129, ¶23, 359 Wis. 2d 320, 856 N.W.2d 811). As particularly relevant to this case, a defendant must "successful[ly] complet[e] . . . [his] sentence" before receiving expungement, as mandated by subsection (a). § 973.015(1m)(a). Subsection (b) provides three criteria for a defendant's "successful completion of [his] sentence": "[1] [t]he person has not been convicted of a subsequent offense, and if on probation, [2] the probation has not been revoked[,] and [3] the probationer has satisfied the conditions of probation." § 973.015(1m)(b). "[T]he probationer must meet all three of the statutory criteria" in order to be entitled to expungement. <u>Ozuna</u>, 376 Wis. 2d 1, ¶13.

¶17 There is no dispute that Lickes satisfied the first two criteria: he was not convicted of a subsequent offense and his probation was not revoked. Instead, Lickes challenges the scope of the third criterion under Wis. Stat. § 973.015(1m)(b): whether

8

he "satisfied [his] conditions of probation." Lickes contends that the phrase "conditions of probation" does not encompass the conditions set by DOC but only those conditions ordered by the sentencing court. According to Lickes, he did not need to satisfy DOC's conditions of probation in order for the circuit court to determine he satisfied the third criterion and then expunge all three of his convictions. We disagree.

¶18 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source omitted). In doing so, we give statutory language "its common, ordinary, and accepted meaning." Id. In conducting a plain meaning analysis, we also examine "the context in which [statutory language] is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes[.]" Id., ¶46. "Statutes are closely related when they are in the same chapter, reference one another, or use similar terms." State v. Reyes Fuerte, 2017 WI 104, ¶27, 378 Wis. 2d 504, 904 N.W.2d 773. The plain text of Wis. Stat. § 973.015(1m)(b) in relation to closely-related statutes resolves the question presented: under § 973.015(1m)(b), the phrase "conditions of probation" refers to the conditions set by both DOC and the sentencing court. Accordingly, in addition to the other two criteria, defendants must satisfy all conditions of probation established by both DOC and the sentencing court before being entitled to expungement.

9

¶19 As a foundational matter, the sentencing court and DOC each play a key role in the "imposition of probation," and both set conditions of probation. As instructed by Wis. Stat. § 973.10(1), "[i]mposition of probation shall have the effect of placing the defendant in the custody of the department and shall subject the defendant to the control of the department under conditions set by the court and rules and regulations established by the department[.]" "As a matter of law," therefore, individuals are required to "abide . . . with departmental regulations." State ex rel. Rodriguez v. DHSS, 133 Wis. 2d 47, 52, 393 N.W.2d 105 (Ct. App. 1986). In other words, throughout the duration of probation, an individual must comply with conditions and regulations imposed by both the sentencing court and DOC. As this court has stated, "[p]robation agents have the authority to establish rules of probation that are supplemental to court-imposed conditions." State v. Purtell, 2014 WI 101, ¶6 n.7, 358 Wis. 2d 212, 851 N.W.2d 417.

¶20 DOC does, therefore, impose "conditions of probation" upon individuals. Closely-related statutes confirm this. In particular, Wis. Stat. § 973.09(3)(d)4 requires circuit courts to determine whether "[t]he probationer has satisfied all rules and conditions of probation that were set by the department" before modifying or discharging a person from probation.

¶21 Other statutory provisions beyond Wis. Stat. ch. 973 support the same conclusion. For example, under Wis. Stat. § 301.132(2) DOC may require sex offenders to submit to a "lie detector test" as part of DOC's "conditions of probation." In

10

relevant part, the statute reads: "The department [of corrections] may require submission to a lie detector test under this subsection as . . . a condition of a sex offender's probation." § 301.132(2). The same is true for the statute authorizing DOC to require convicted sex offenders to use GPS tracking devices as a "condition of probation." Specifically, the statute states: "If . . . a person is being placed on probation . . . for committing a sex offense . . . , the department may have the person tracked using a global positioning system tracking device, or passive position system tracking, as a condition of the person's probation." Wis. Stat. § 301.48(2)(d). Indeed, the statutes repeatedly employ the phrase "conditions of probation" to refer to conditions set by DOC. See, e.g., Wis. Stat. § 304.06(1q)(b) ("This paragraph does not prohibit the department [of corrections] from requiring pharmacological treatment using an antiandrogen or the chemical equivalent of an antiandrogen as a condition of probation.").

¶22 Recognizing that DOC does have the ability to set "conditions of probation," we turn now to the statute before us. Under Wis. Stat. § 973.015(1m)(b), the phrase "conditions of probation" plainly refers to conditions imposed by both DOC and the sentencing court.[7] Section 973.015(1m)(b) broadly states that, in order to be entitled to expungement, a probationer must "satisf[y] the conditions of probation." Importantly, the statute

---

[7] As a general matter, the parties do not dispute that sentencing courts have the ability to impose "conditions of probation."

11

does not limit the phrase "conditions of probation" in any way, much less restrict it to only court-imposed conditions. In contrast, Wis. Stat. § 973.01(5) specifies that "the court may impose conditions upon the term of extended supervision" when imposing a bifurcated sentence. Similarly, Wis. Stat. § 973.09(3)(d)3 states that "[t]he court may modify a person's period of probation and discharge the person from probation if," among other factors, "[t]he probationer has satisfied all conditions of probation that were set by the sentencing court."

¶23 In comparison, Wis. Stat. § 973.015(1m)(b) contains no such modification; it refers broadly to "conditions of probation." Had the legislature wanted to limit the phrase solely to those conditions set by the sentencing court and thereby exclude conditions set by DOC, it could have done so, as it did elsewhere. See Milwaukee Dist. Council 48 v. Milwaukee Cnty., 2019 WI 24, ¶29, 385 Wis. 2d 748, 924 N.W.2d 153 (stating that when the legislature uses different statutory phrases, we presume the legislature gave the phrases different meanings); Outagamie Cnty. v. Town of Greenville, 2000 WI App 65, ¶9, 233 Wis. 2d 566, 608 N.W.2d 414 ("[I]f a statute contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing" a different meaning) (internal quotations and citation omitted).

¶24 But courts may not add to the text. It is a fundamental maxim of statutory interpretation that we do not "read into [a] statute language that the legislature did not put in." Matasek, 353 Wis. 2d 601, ¶20 (quoted source omitted); see also Fond du Lac

12

*Cnty. v. Town of Rosendale*, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989) ("One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning.") (citation omitted). "Under the omitted-case canon of statutory interpretation, '[n]othing is to be added to what the text states or reasonably implies (*casus omissus pro omisso habendus est*).'" *State ex rel. Lopez-Quintero v. Dittmann*, 2019 WI 58, ¶18, 387 Wis. 2d 50, 928 N.W.2d 480 (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012)). Given that the legislature did not limit the phrase "conditions of probation" solely to court-imposed conditions or DOC-imposed conditions, we conclude that Wis. Stat. § 973.015(1m)(b) applies to conditions set by both the sentencing court and DOC. Courts may not "elaborate unprovided-for exceptions to a text." Scalia & Garner, *supra*, at 93.

¶25 This interpretation of Wis. Stat. § 973.015(1m)(b) is confirmed by a closely-related statute, Wis. Stat. § 973.10(2), in which the legislature likewise employed the phrase "conditions of probation." Section 973.10(2) pertains to probation revocation proceedings and reads, in relevant part: "If a probationer violates the conditions of probation, the department of corrections may initiate a proceeding before the division of hearings and appeals in the department of administration." § 973.10(2). In interpreting this language, Wisconsin courts have never held that DOC's statutory right to initiate revocation proceedings is solely limited to an individual's violations of the sentencing court's conditions. To the contrary, "[a]

13

probationer . . . is within the custody of the DOC and similarly subject to <u>all of the conditions and rules of supervision</u>, the violation of which could be cause for revocation."  <u>State ex rel. Rupinski v. Smith</u>, 2007 WI App 4, ¶20, 297 Wis. 2d 749, 728 N.W.2d 1 (emphasis added).

¶26  Within the context of Wis. Stat. § 973.10(2), the term "conditions of probation" is decidedly broad, encompassing more than just conditions set by the sentencing court.  "When the same term is used throughout a chapter of the statutes, it is a reasonable deduction that . . . the term possess[es] an identical meaning each time it appears."  <u>Winebow, Inc. v. Capitol-Husting Co.</u>, 2018 WI 60, ¶29, 381 Wis. 2d 732, 914 N.W.2d 631 (quoted source omitted).  Because the phrase "conditions of probation" in § 973.10(2) encompasses more than just conditions set by the

sentencing court, this phrase retains an equally expansive meaning in Wis. Stat. § 973.015(1m)(b).[8]

¶27  In short, DOC may impose conditions of probation upon individuals in addition to the conditions imposed by the sentencing court.   Unlike closely-related statutes, Wis. Stat. § 973.015(1m)(b) does not limit "conditions of probation" to only those ordered by the circuit court.  Accordingly, individuals must satisfy conditions of probation imposed by both DOC and the sentencing court in order for their records to be expunged under § 973.015(1m)(b).

### B.   Discretion Under Wis. Stat. § 973.015

¶28  Lickes next argues that, even if the phrase "conditions of probation" in Wis. Stat. § 973.015(1m)(b) includes conditions set by both DOC and the sentencing court, circuit courts nonetheless have discretion to determine that an individual

---

[8] Although not controlling our analysis, administrative rules promulgated under Wis. Stat. § 973.10(2) confirm our reading of the phrase "conditions of probation."  In particular, to effectuate the language in § 973.10(2), the Department of Administration's Division of Hearings and Appeals ("the Division") enacted rules pertaining to the "procedure and practice for correction hearings."  In relevant part, the Division requires that, before any final revocation hearing of probation, a probationer receive notice of "[t]he conduct that the [probationer] is alleged to have committed and the rule or condition that the offender is alleged to have violated."  Wis. Admin. Code § HA 2.05(1)(b).  The rules define "conditions" as any "specific regulations imposed on the [probationer] by the court or department [of corrections]."  Wis. Admin. Code § HA 2.02(4) (emphasis added).  In practice, when DOC initiates revocation proceedings before the Division pursuant to § 973.10(2), it can petition to revoke an individual's probation for violating conditions set by either the sentencing court or by DOC.

"satisfied [his] conditions of probation" even when an individual has violated one or more "conditions of probation." We disagree.

¶29 In order to "satisf[y] the conditions of probation," an individual must satisfy all the conditions of probation established by both the sentencing court and DOC. As we already explained in Ozuna, in order to successfully complete the sentence, "the probationer must meet all three of the statutory criteria, including satisfying all the conditions of probation." Ozuna, 376 Wis. 2d 1, ¶13; see also Hemp, 359 Wis. 2d 320, ¶22 (noting that a defendant must meet "all the conditions of probation"). As Wis. Stat. § 973.015(1m)(a) plainly states, an individual's record of conviction may be expunged only "upon successful completion of the sentence," which requires fully satisfying all three criteria for expungement under subsection (b). Therefore, if a probationer does not satisfy all the conditions of probation established by both the sentencing court and DOC, he is not entitled to expungement of his convictions.

¶30 Accordingly, when an individual fails to fulfill all the conditions of his probation set by the sentencing court and DOC, circuit courts do not have discretion to conclude that he "satisfied [his] conditions of probation" for purposes of the third criterion under Wis. Stat. § 973.015(1m)(b). It is well established that § 973.015(1m) affords circuit courts the discretion to decide whether an individual is entitled to expungement only at the time of sentencing. Matasek, 353 Wis. 2d 601, ¶6 ("[I]f a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised

16

at the time of the sentencing proceeding."); see also State v. Arberry, 2018 WI 7, ¶21, 379 Wis. 2d 254, 905 N.W.2d 832 ("[T]he sentencing hearing . . . [is] the only time at which the circuit court could exercise its discretion to expunge a record under the statute, if it [is] going to do so[.]"). Section 973.015(1m) contains no language permitting circuit courts to exercise discretion at any other time. Once the individual completes his term of probation, the question for the circuit court becomes whether, based upon undisputed facts,[9] the individual satisfied the three criteria for expungement set forth in § 973.015(1m)(b). See § 973.015(1m)(a) ("[T]he court may order at the time of sentencing that the record be expunged upon successful completion of the sentence[.]"). This is an objective inquiry: based upon undisputed facts, either the individual satisfied all three criteria of expungement, including every one of his conditions of probation, or he did not——a question of law that appellate courts review de novo. See Ozuna, 376 Wis. 2d 1, ¶9. Therefore, once an individual completes his term of probation, if it is undisputed that the individual violated at least one of his conditions of probation——as in this very case——circuit courts must deny expungement.

---

[9] As the parties agree, the circuit court may first need to conduct factfinding to determine whether an individual violated a condition of probation. See State v. Ozuna, 2017 WI 64, ¶14 n.9, 376 Wis. 2d 1, 898 N.W.2d 20. Appellate courts review a circuit court's findings of fact under a "clearly erroneous" standard. Phelps v. Physicians, Inc. Co. of Wis., Inc., 2009 WI 74, ¶34, 319 Wis. 2d 1, 768 N.W.2d 615.

C. Application to Lickes's Case

¶31 Applying these principles, we conclude the circuit court erred in expunging all three of Lickes's convictions. For Counts 1 and 3, the sentencing court imposed two years of probation, which expired on January 23, 2016; for Count 4, the sentencing court imposed three years of probation, which expired on January 23, 2017. As the sentencing court informed Lickes at the time of sentencing, if he "successfully complete[d] probation and all the terms," the circuit court would expunge Lickes's convictions on Counts 1, 3, and 4, pursuant to Wis. Stat. § 973.015(1m).

¶32 Because Lickes violated DOC-imposed conditions, he failed to satisfy his "conditions of probation" for all three convictions, pursuant to the third criterion under Wis. Stat. § 973.015(1m)(b). As Lickes's probation agent notified the circuit court on October 6, 2015, "Mr. Lickes has violated his probation multiple times." In particular, the document submitted by the probation agent disclosed that "Mr. Lickes has had unapproved sexual contact, has given his agent false information, and has been terminated from Sex Offender Treatment." Lickes also signed the document, acknowledging that he "admit[s] as shown by [his] signature . . . that [he] violated the rules and conditions of probation." (Emphasis added.) Lickes's violation of his DOC-imposed conditions occurred before his terms of probation expired for all three convictions.

¶33 Because Lickes admittedly violated his DOC-imposed conditions, he failed to "successful[ly] complet[e] . . . [his]

18

sentence," as required by Wis. Stat. § 973.015(1m)(a).[10] The circuit court did not have discretion to determine otherwise. As the circuit court recognized, "Mr. Lickes did break a rule" imposed by DOC. Consequently, the circuit court erred in granting Lickes's expungement for all three convictions. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[10] The circuit court also determined that Lickes satisfied the sentencing court's conditions of probation, despite the State's contention that Lickes did not satisfy the sentencing court's sex-offender treatment requirement. According to Lickes, the circuit court did not err when it found that Lickes satisfied the court-ordered conditions of probation. We need not resolve this question. As discussed, Lickes violated DOC's conditions of probation for all three convictions; therefore, regardless of whether Lickes violated the sentencing court's conditions of probation, he is still not entitled to expungement under Wis. Stat. § 973.015. See Maryland Arms Ltd. P'ship v. Connell, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Issues that are not dispositive need not be addressed.").

¶34 ANN WALSH BRADLEY, J. *(dissenting).* When a person is placed on probation by a court, that person is subject to a vast array of rules. Imposed both by the sentencing court and a Department of Corrections (DOC) agent, these rules set rigid contours for a person's life for the duration of the supervision period. They can include everything from the extraordinary to the mundane.

¶35 Indeed, the DOC's standard rules of community supervision require that a person meet regularly with the probation agent and obtain approval from the agent prior to moving; changing employment; leaving the state of Wisconsin; purchasing, trading, selling, or operating a motor vehicle; borrowing money; or buying anything on credit.[1] The standard rules also broadly require that a person "[c]omply with any court ordered conditions and/or any additional rules established by [their] agent" that are subject to change at any time.[2]

¶36 Although the conditions of probation may be extensive, for many young people convicted of offenses there can be a significant reward for complying: expungement.[3] The desire to insulate young offenders from the harsh consequences of a criminal

---

[1] Wis. Dep't of Corrections, Standard Rules of Community Supervision, https://doc.wi.gov/Pages/AboutDOC/CommunityCorrections/Supervisi onRules.aspx (last visited June 9, 2021).

[2] Id.

[3] Following the majority opinion, I use the term "expungement." Other cases use the term "expunction," but the two terms mean the same thing. State v. Arberry, 2018 WI 7, ¶1 n.2, 379 Wis. 2d 254, 905 N.W.2d 832.

1

record is both sensible and practical. In addition to the legal and financial penalties associated with the conviction itself, a criminal conviction carries significant collateral consequences.

¶37 Such consequences often include increased difficulties in obtaining employment, housing, and education.[4] The aggregate effect of these collateral consequences is that absent mechanisms for reducing the impact on young people, a criminal record can leave cascading negative ramifications. Importantly, the lack of access to employment is a primary factor leading to recidivism.[5]

¶38 Yet the majority opinion places expungement further out of reach for those defendants who would benefit most. Although I agree with the majority that expungement requires satisfaction of conditions imposed by both the sentencing court and DOC, I part ways with the majority when it determines that the circuit court has no discretion to order expungement in the face of any rule violation, no matter how small.

¶39 Does the majority's determination mean that if, without agent approval, probationers from the border community of Marinette, Wisconsin cross to Menominee, Michigan to do grocery shopping, that they must be denied expungement? The majority apparently responds, "Yes. Under the standard rules of probation, it is a violation."

---

[4] See Larry J. Martin, Now the Real Work Begins, 94 Wis. Law. 9, 9 (Jan. 2021) ("A criminal record can be a life-long barrier, presenting obstacles to employment, housing, education, and family reunification and often resulting in significant debt.").

[5] Devah Pager, Double Jeopardy: Race, Crime, and Getting a Job, 2005 Wis. L. Rev. 617, 647 (2005).

2

¶40 How about the standard rule of buying nothing on credit? What happens if the probationer, without agent approval, pays for gas with a credit card? "It's out of our hands," responds the majority. The same apparently holds true if the probationer misses a single meeting with the probation agent.

¶41 Admittedly, the violations here are more significant than the above examples, but that matters not. The majority interprets "satisfaction" as an all-or-nothing proposition. Thus, in the majority's view, regardless of the severity of the violation, the circuit court has no discretion at all in deciding whether to grant or deny expungement. Majority op., ¶30.

¶42 With a mere three paragraphs of analysis on the issue, see id., ¶¶28-30, the majority jettisons the future lives of countless young offenders and their families, who will be harmed by this stunted analysis. And why? The answer of the majority is "the legislature made us do this."

¶43 Nonsense. The legislature did no such thing. The plain text of Wis. Stat. § 973.015(1m)(b) requires that a probationer "satisfy" the conditions of probation. Here, both the DOC and the circuit court, entities in the best position to make such a finding, determined that Jordan Lickes did so.

¶44 Rather than embracing those determinations, the majority instead embarks upon a misguided and destructive path. Its conclusory determination runs counter to the statutory language, has no basis in the case law the majority cites, and thwarts the purpose of the expungement statute.

¶45 Accordingly, I respectfully dissent.

3

I

¶46 The legislature has been engaged in a consistent "effort to expand the availability of expungement to include a broader category of youthful offenders." State v. Hemp, 2014 WI 129, ¶20, 359 Wis. 2d 320, 856 N.W.2d 811. This legislative effort "offers young offenders a fresh start without the burden of a criminal record and a second chance at becoming law-abiding and productive members of the community." Id., ¶19. Today's majority opinion subverts the legislative trajectory.

¶47 I begin by examining the framework for the exercise of judicial discretion enacted by the legislature. This framework provides "a means by which trial courts may, in appropriate cases, shield youthful offenders from some of the harsh consequences of criminal convictions." State v. Matasek, 2014 WI 27, ¶42, 353 Wis. 2d 601, 846 N.W.2d 811 (quoting State v. Leitner, 2002 WI 77, ¶38, 253 Wis. 2d 449, 646 N.W.2d 341).

¶48 At the sentencing hearing, if certain criteria are fulfilled a circuit court may make the determination that a defendant will be eligible for expungement upon completion of the sentence. Matasek, 353 Wis. 2d 601, ¶45. Wisconsin Stat. § 973.015(1m)(a)1. sets forth four criteria governing when a circuit court may deem a defendant eligible for expungement upon completion of the sentence: (1) the person must have been under 25 when the offense was committed; (2) the maximum period of imprisonment for the offense must be six years or less; (3) the court must determine that the probationer will benefit and society

4

will not be harmed by the disposition; and (4) the person must successfully complete the sentence. § 973.015(1m)(a)1.

¶49 If defendants are made eligible for expungement by the circuit court, they must fulfill the conditions set forth in Wis. Stat. § 973.015(1m)(b) to actually have their conviction expunged: (1) the person must not be convicted of a subsequent offense; (2) if the person is on probation, it must not be revoked; and (3) the person must "satisf[y] the conditions of probation." It is the "satisfaction" condition that is at issue in this case.

¶50 With this framework as a foundation, the majority proceeds to rigidly interpret "satisfaction" in an all-or-nothing fashion. In the majority's view the circuit court has no discretion at all in deciding whether to grant or deny expungement. Majority op., ¶30. One would expect a determination of such reach to be supported with more than the majority's cursory analysis. And it is an analysis that runs counter to the statutory language, has no basis in the case law the majority cites, and thwarts the purpose of the expungement statute. I address each in turn.

II

¶51 The plain language of the expungement statute does not support the majority's conclusion. Wisconsin Stat. § 973.015(1m)(b) sets as a prerequisite for expungement that the person must "satisf[y] the conditions of probation."

¶52 I observe initially that the statute uses the word "satisfy." Nowhere does it mention a "violation" of a rule as preclusive of receiving expungement. If the legislature had wanted

5

to require perfect compliance with "all" or "every" condition of probation, it certainly could have, but it did not.

¶53 "Satisfy" is ambiguous in the context of Wis. Stat. § 973.015. A recognized dictionary defines the term as follows: "[t]o meet or be sufficient for (a requirement)." Satisfy, The American Heritage Dictionary of the English Language, https://www.ahdictionary.com/word/search.html?q=satisfy (last visited June 9, 2021) (emphasis added).

¶54 In deciding which definition to apply, we are guided by the principle that "a plain-meaning interpretation cannot contravene a textually or contextually manifest statutory purpose." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶49, 271 Wis. 2d 633, 681 N.W.2d 110. Indeed, "courts will favor an interpretation of statutory language that fulfills the statute's purpose." Wis. Indus. Energy Grp., Inc. v. Pub. Serv. Comm'n, 2012 WI 89, ¶15, 342 Wis. 2d 576, 819 N.W.2d 240.

¶55 The definition that makes the most sense is that which permits expungement when an offender has "sufficiently" complied with the terms of probation. Such a definition is clearly more consistent with the purpose of the expungement statute and the legislature's continuing quest to broaden its application. See Hemp, 359 Wis. 2d 320, ¶20; see also State v. Ozuna, 2017 WI 64, ¶62, 376 Wis. 2d 1, 898 N.W.2d 20 (Ann Walsh Bradley, J., dissenting) (explaining that a definition of "satisfy" based on sufficiency "is more consistent with the purpose of the statute than using a definition that would limit expunction to offenders with . . . 'perfect' compliance"). In other words, by setting

6

forth a "satisfaction" standard, the expungement statute eschews the "perfection" standard advanced by the majority.

¶56 In determining what is "sufficient" to comply with the terms of probation, the circuit court must use discretion. It must determine whether a person did enough to "satisfy" the conditions of probation. Such an exercise necessarily requires examining the relevant facts, applying a standard of law, and using a demonstrated rational process, i.e., the exercise of discretion. See State v. Walters, 2004 WI 18, ¶¶13-14, 269 Wis. 2d 142, 675 N.W.2d 778.

¶57 The majority's interpretation also violates the maxim that we are to avoid interpreting statutes to render absurd or unreasonable results. Kalal, 271 Wis. 2d 633, ¶46. Indeed, the logical consequence of the majority's analysis and institution of a "perfection" standard coupled with its conclusion regarding a circuit court's lack of discretion is that a circuit court is required to deny expungement if a person violates any condition of probation, no matter how small.

¶58 Looking at the DOC's standard conditions, the absurdity of such a proposition is revealed. Miss a single meeting with your agent? No expungement. Use a credit card without prior approval? No expungement. It is certainly unreasonable to condition one's future prospects of employment, housing, and education on a single missed meeting or use of a credit card to pay for gas.

7

III

¶59 The majority's conclusion is also out of step with the very case law on which it relies. For example, the majority relies on Ozuna to support a discretionless scheme and the proposition that satisfaction of conditions of probation means completion of all conditions with no slip-ups. Majority op., ¶29. But the Ozuna court held no such thing.

¶60 Rather, in Ozuna the court consistently used language indicative of discretion, determining that "a court has no duty to expunge a probationer's record if the probationer has not satisfied the conditions of probation." Ozuna, 376 Wis. 2d 1, ¶14 (emphasis added). It even entitled one of the section headings in its opinion, "The Court May Deny Expungement if a Probationer Does Not Satisfy the Conditions of Probation." Id. (emphasis added). Ozuna thus does not compel the majority's result.

¶61 The majority's citation to Hemp, 359 Wis. 2d 320, ¶22, is similarly unavailing. See majority op., ¶29. In the cited paragraph, the Hemp court simply set forth that a probationer must satisfy all the conditions of probation to receive expungement. Even accepting the court's addition of the word "all" where it does not appear in the statutory language, the Hemp court did not analyze the term "satisfy" or give any insight whatsoever into its meaning.

IV

¶62 Finally, bestowing the circuit court with discretion to make the determination of whether conditions of probation have been satisfied is consistent with the purpose of the expungement

8

statute. The intent of the expungement statute is "to provide a break to young offenders who demonstrate the ability to comply with the law." Leitner, 253 Wis. 2d 449, ¶38. Expungement is a powerful tool to improve people's lives and open opportunities that would otherwise be closed. This court has previously noted the arc of legislation meant to "expand the availability of expungement to include a broader category of youthful offenders." Hemp, 359 Wis. 2d 320, ¶20.

¶63 Yet through its destructive holding, the majority forever shuts the door on countless young people who would benefit from the fresh start expungement offers. And for what? To teach them a lesson that they shouldn't miss a meeting? Such a minimal violation surely has nothing to say about a person's risk to society.

¶64 Moreover, the majority's determination could have long-lasting consequences on the lives of those who commit crimes at a young age. Research consistently demonstrates that the brains of adolescents are not fully developed, and that as a result they are prone to risky behavior. See Graham v. Florida, 560 U.S. 48, 68 (2010); Miller v. Alabama, 567 U.S. 460, 471-72 (2012). The majority ensures that expungement will remain out of reach for

many of these people and that they will be held back as they attempt to change their lives for the better.[6]

¶65 As to the specific facts of the instant case, the circuit court determined that Lickes satisfied the conditions of his probation. DOC apparently agreed when it submitted the "Certification of Discharge and Satisfaction of Probation Conditions for Expungement."[7] These are the entities that imposed conditions on Lickes in the first place, so they are in the best position to determine whether the conditions have been satisfied and whether Lickes and the public would be well served by expungement.

---

[6] The majority accuses this dissent of basing its conclusions on policy rather than the law. Majority op., ¶3 n.4. As should be clear by now, this criticism is misguided. The "consequences" the majority asks us to ignore are part and parcel of a statutory analysis, as confirmed by the very case law upon which the majority relies. See State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶¶46, 49, 271 Wis. 2d 633, 681 N.W.2d 110 (explaining that we are to interpret statutes to "avoid absurd or unreasonable results" and that "a plain-meaning interpretation cannot contravene a textually or contextually manifest statutory purpose").

Further, the majority admonishes that this court is "limited to saying what the law is and not what we may wish it to be." Majority op., ¶3 n.4. This may be a snappy phrase, but it is only half true. To the extent that the majority means it is not the role of this court to say what the law should be, such an admonition ignores a fundamental role of courts——the development of the common law. Courts for centuries have been declaring just what the law should be. To reduce the court's role to only "saying what the law is," and not what the law should be, constitutes a vast and misleading oversimplification.

[7] It should also be observed that DOC did not think Lickes's violations serious enough to warrant revocation of his probation.

10

¶66 It was the circuit court that placed on Lickes the condition that he "enter into, participate [in], and successfully complete sex offender treatment." Majority op., ¶6. And it was the circuit court that "examined the relevant facts, applied a proper standard of law, used a demonstrated rational process, and reached a conclusion that a reasonable judge could reach" to conclude that he had done so. See Walters, 269 Wis. 2d 142, ¶¶13-14. I thus determine that the circuit court did not erroneously exercise its discretion in expunging Lickes's convictions.

¶67 For the foregoing reasons, I respectfully dissent.

¶68 I am authorized to state that Justice REBECCA FRANK DALLET joins this dissent.

2