COURT OF APPEALS
DECISION
DATED AND FILED

January 10, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP27**

STATE OF WISCONSIN

Cir. Ct. No. **2021SC879**

IN COURT OF APPEALS
DISTRICT II

MEYER FARMS INC.,

    PLAINTIFF-RESPONDENT,

V.

MIKE ENDRIES,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: DOUGLAS R. EDELSTEIN, Judge. *Reversed and cause remanded.*

¶1 GROGAN, J.[1] Mike Endries appeals from a judgment entered against him in the amount of $12,934.33 following a bench trial on damages after

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

(continued)

the circuit court granted summary judgment on liability in favor of Meyer Farms Inc. (the Farm).[2]  On appeal, Endries asserts that:  (1) the court erred in granting summary judgment in favor of the Farm; (2) the court erred in awarding damages and in allowing the Farm to recover under WIS. STAT. § 895.446; and (3) the court's award of attorney fees to the Farm was unreasonable.  Because the court erred in granting the Farm's summary judgment motion, this court reverses and remands.

## I.  BACKGROUND

¶2      The Farm has leased farmland along two intersecting roads in Fond du Lac County, Velvet Beach Road and Highway 151, since around 2016.  The Town of Calumet (the Town) controls the right-of-way running along Velvet Beach Road, while the Department of Transportation (DOT) controls the right-of-way running along Highway 151 (including the intersection).

¶3      In late 2020, the Farm planted rye on the leased farmland, and it completed harvesting the crop on May 21, 2021.  Prior to harvesting the rye crop, however, Todd Meyer (Meyer), one of the Farm's owners, discovered in April 2021 that part of the field running along the two roads had been mowed

---

Additionally, Endries' Notice of Appeal states that he "is filing a motion to request a full 3-judge panel pursuant to [WIS. STAT. §] 752.31(3)."  That statute states that where an appeal is to "be decided by one court of appeals judge," "any party on appeal … may move in writing to the chief judge of the court of appeals that the case be decided by a 3-judge panel." Sec. 752.31(3).  It does not appear that Endries has filed such a motion with the chief judge of the court of appeals.  In any event, Endries' request for a three-judge panel is denied.

[2] The Hon. Peter L. Grimm presided over the liability portion of these proceedings, entered summary judgment in favor of Meyer Farms Inc., and denied Endries' competing motion for summary judgment.  The Hon. Douglas R. Edelstein presided over the damages trial following Judge Grimm's retirement.

down and that a portion of the rye crop had therefore been destroyed. Meyer contacted the Town and discovered that it had neither mown the field nor authorized anyone else to do so. Meyer eventually suspected that Endries had mown the field, and the Farm thereafter filed a pro se small claims action on May 17, 2021, asserting that Endries "cut @ destroyed plaintiff Ag. Crop on adjoining property between 4/29/21 and 5/1/21[.]" The Farm sought $964.00 in damages.

¶4    Endries, also pro se at the time, thereafter filed an Answer and counterclaim.[3] In his Answer, Endries contested the Farm's claim and asserted that the Farm had "illegally planted" its crop in the Town's and DOT's rights-of-way and that local residents had "cut/mowed right up to the markers [for the rights-of-way] for years" "to increase visibility." Endries attached a letter from the DOT to his Answer, and that letter indicated that the Farm had been planting in the DOT's right-of-way. After Endries filed his Answer, both parties retained counsel.

¶5    Shortly after filing its lawsuit, the Farm planted corn in the same field where it had previously planted the rye. The Farm asserts that in doing so, it "was careful to move the planting back so as to not intrude on the [T]own of Calumet or the DOT's right of way."[4] In August 2021—approximately three

---

[3] Endries ultimately withdrew his counterclaim, and it is therefore unnecessary to address it further for purposes of this appeal.

[4] Both parties spend a significant amount of their respective briefs discussing the precise location of the respective rights-of-way, the DOT's May 2021 survey to mark its right-of-way, and the extent to which the Farm's crop was or was not planted in the right-of-way. However, it is ultimately unnecessary to further address these issues on appeal for the reasons explained herein.

months after the Farm filed this lawsuit—Meyer discovered that multiple rows of corn along the edges of its field had been cut.

¶6 In late August 2021, the Farm served Endries with discovery requests, which included the following requests to admit:

- "Admit that you cut rye planted by Meyer Farms in 2021."

- "Admit you were not given permission by Meyer Farms, the owner of the property, or any governmental agency to cut the rye and/or corn planted by Meyer Farms."

- "Admit that you cut corn planted by Meyer Farms in 2021."

- "Admit that you did not have permission from Meyer Farms to cut its rye."

- "Admit that you did not have permission from Meyer Farms to cut its corn."

- "Admit that you understood that cutting rye and/or corn would result in financial damages to Meyer Farm."

The Farm also requested that Endries admit that no governmental organization had instructed him to mow any portion of the Farm's crops and that he was not a licensed surveyor. Endries did not respond to the Farm's discovery requests, and the requests to admit were therefore deemed admitted.[5]

¶7 In October 2021, the Farm filed a motion for summary judgment. In support of its motion, the Farm asserted that it had "used the same farming boundaries as the previous tenant and thought its rye field began in the appropriate

---

[5] *See* WIS. STAT. § 804.11(1)(b) (where a party fails to respond or object to a request to admit within the identified time period, "[t]he matter is admitted"). "Any matter admitted under [§ 804.11] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Sec. 804.11(2).

location" and that regardless of where it planted its crop, it "still had to pay for the seed and man hours to cultivate the crops accidentally grown partially in the right of way." The Farm went on to assert that although the Town or DOT would have had the "authority" to remove the crops improperly planted in their respective rights-of-way, Endries did not have the authority to do so. Thus, it argued, because Endries was deemed to have admitted to intentionally destroying the crop, it could recover damages from Endries. Accordingly, the Farm asserted that "[f]rom a liability and causation standpoint, there is nothing left … to try" and that "[t]he only issue which remains is damages[.]"

¶8 Endries filed a response in opposition to the Farm's summary judgment motion, which also included his own request for summary judgment. In his filing, Endries asserted that "[b]y law, [the Farm] is not allowed to farm" the Town's or DOT's right-of-way and cited a Town of Calumet Ordinance[6] and WIS. STAT. §§ 86.021 and 86.022 in support. He also claimed that the Farm had "intentionally planted crops in the right of way." Thus, he argued, the Farm could not, as a matter of law, "claim damages for crops [it] unlawfully planted in the right of way" and that the Farm's claim "must be dismissed."

¶9 Based upon Endries' deemed admissions, the circuit court granted summary judgment as to liability in favor of the Farm. Specifically, in its written decision, the court found that:

---

[6] The Town's ordinance prohibits certain actions, including altering, obstructing, and using the Town's right-of-way. Town of Calumet, Wis., Ordinance for Restricting Use and Obstructing Of Ditches and Embankments Of Town Roads (Sept. 5, 2017) (available at https://townofcalumet.com/wp-content/uploads/2019/12/Restricting-Use-and-Obstructing-of-Ditches-and-Embankments-of-Town-Roads.pdf).

- Endries, without the Farm's permission, had "intentionally destroy[ed]" the Farm's crops, "claiming he has the right to do so" because "the crops were planted in the right of way."

- "The destruction of the crops, both rye and corn, caused them to not be sold."

- The Farm cut the last of the rye crop on May 21, 2021, and planted corn in the field shortly thereafter.

- Endries, "[t]hrough discovery," had "admitted that he was also responsible for the destroyed corn" and that he had not been "instructed to cut [the Farm's] crops."

- Endries "admitted that he knew that cutting [the Farm's] crops would result in financial damages."

The court went on to conclude, as a matter of law, that because Endries had "admitted to cutting [the Farm's] crops without permission" despite knowing "this would cause [the Farm] damages[,]" the Farm had sufficiently established that it was entitled to summary judgment.

¶10　In reaching this conclusion, the circuit court acknowledged—and rejected—Endries' position "that he had the right to destroy [the Farm's] crops because he believed them to be in the right of way" as well as his contention that the Farm "cannot claim damages for crops it 'unlawfully' planted in the right of way." In rejecting Endries' argument as to damages, the court "conclude[d] as a matter of law the opposite is true" because the crops were the Farm's property, and Endries "had no claim to them and had no right to destroy them regardless if they partially extended into the right of way." Despite reaching this conclusion "as a matter of law," the circuit court's decision is completely devoid of legal citations aside from the rote recitation of the summary judgment standard.

¶11 Following the grant of summary judgment in the Farm's favor, the circuit court held a two-day court trial on the issue of damages.[7] During the court trial, the court heard testimony from Meyer, Endries, and other members of the community regarding the location of the planted crops, the rights-of-way at issue, and the value of the destroyed crops. The court ultimately awarded the Farm $74.33 in damages for the destroyed corn and $55.05 for the destroyed rye. It also awarded the Farm $305 in investigative costs and $12,403.45 in attorney's fees pursuant to WIS. STAT. § 814.045.[8] Endries appeals.

## II. DISCUSSION

¶12 The first issue this court must address is whether the circuit court properly granted summary judgment as to liability in the Farm's favor. "Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Talley v. Mustafa*, 2018 WI 47, ¶12, 381 Wis. 2d 393, 911 N.W.2d 55 (quoting *Water Well Sols. Serv. Grp., Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶11, 369 Wis. 2d 607, 881

---

[7] The circuit court heard testimony in September 2022 and heard argument and issued an oral decision in October 2022. It thereafter entered a written order on December 21, 2022.

[8] During the trial on damages, the circuit court determined that attorney's fees were proper pursuant to WIS. STAT. § 895.446. Endries argued before the circuit court, as he does on appeal, that § 895.446 was not properly asserted as a claim in this matter, that allowing the Farm to recover under that statute violated his due process rights, and that the requested attorney's fees were not reasonable. This court acknowledges that the Complaint does not specifically reference § 895.446; however, it is unnecessary to resolve this issue because this court's reversal of summary judgment and remand for trial voids the attorney's fees order. *See State v. Lickes*, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)). Further, this court notes that "[i]n any action in which compensatory damages are awarded," it is "presume[d] that *reasonable* attorney fees do not exceed 3 times the amount of the compensatory damages awarded," although "this presumption may be overcome if the court determines, after considering the factors set forth in sub. (1), that a greater amount is reasonable." WIS. STAT. § 814.045(2)(a) (emphasis added); *see also* § 814.045 generally and WIS. STAT. § 814.04.

N.W.2d 285). Appellate courts review a grant of summary judgment de novo using the same methodology as the circuit court. *Talley*, 381 Wis. 2d 393, ¶12. Summary judgment should be granted only when there are no genuine issues of disputed material facts. *Romero v. West Bend Mut. Ins. Co.*, 2016 WI App 59, ¶17, 371 Wis. 2d 478, 885 N.W.2d 591. There are some rare circumstances where, even though there is a disputed material fact, summary judgment will not be precluded. *Byrne v. Bercker*, 176 Wis. 2d 1037, 1045, 501 N.W.2d 402 (1993). Disputed material facts may "become irrelevant if, in giving full benefit to the party against whom summary judgment is sought, the claim nevertheless is barred as a matter of law." *Id.*

¶13 On appeal, Endries argues the circuit court erred in granting summary judgment in the Farm's favor as to liability. First, Endries argues that the court erred because, he says, the Farm did not have a right to plant crops in the rights-of-way in the first instance, and it therefore was not damaged when those crops were removed. Second, Endries asserts that general issues of material fact exist so as to preclude summary judgment. Specifically, he asserts there were genuine issues of material fact as to whether the Farm's crops were destroyed "*only* in the right of way" because, he says, the Farm could not recover damages for crops planted in an area in which it had no legal right to farm. (Emphasis added.) He also asserts that genuine issues of material fact exist as to whether he "caused the loss of the corn crop" because, "even though he admitted he mowed the corn crop[,]" "the admission was incomplete and vague as to time and cause of damage" and that "he was not the only one to mow the corn crop[.]" Endries also argues that the court erred in allowing the Farm to recover damages under WIS. STAT. § 895.446 and that the amount of attorney's fees the court awarded was unreasonable.

¶14 Having reviewed the Record, this court concludes the circuit court erred as a matter of law in granting the Farm's summary judgment motion as to Endries' liability; however, it does so for different reasons than those that Endries suggests.

¶15 A complaint "sets forth a claim for relief" and contains "[a] short and plain statement of the claim" that "identif[ies] the transaction or occurrence or series of transactions or occurrences out of which the claim arises[.]" WIS. STAT. § 802.02(1), (1)(a).[9] When the Farm filed its Complaint in May 2021, it specifically alleged that Endries caused damage to the Farm's property by cutting and destroying the Farm's crop "*between 4/29/21 and 5/1/21*," but it did not identify the specific type of crop Endries allegedly cut during that time period. (Emphasis added). However, the Record clearly establishes that the only crop purportedly cut during that time period was the Farm's rye crop. Indeed, Meyer stated in an affidavit that the Farm did not plant corn in the field at issue until "[s]hortly []after" it had cut the rye crop on May 21, 2021, and the circuit court found likewise in its written decision granting summary judgment.

¶16 Because the Farm did not file an amended complaint, the Farm's claim in this action is limited to the purported damage that occurred to its rye crop during the three-day time period spanning from April 29, 2021, through May 1, 2021. In its summary judgment decision, however, the circuit court determined that Endries was liable for damaging not only the Farm's rye crop, which was the only crop growing in the field during that three-day period, but also the Farm's

---

[9] Although this case arose as a small claims matter under WIS. STAT. ch. 799, "the general rules of practice and procedure in chs. … 801 to 847 shall apply" "[e]xcept as otherwise provided[.]" WIS. STAT. § 799.04(1).

corn crop, and it did so based on Endries' deemed admission that he had cut the Farm's corn crop at some point in 2021. Since the corn crop had not yet been planted during the time period alleged in the Complaint, however, Endries cannot be held liable for damage to the corn crop in this matter regardless of whether he admitted to cutting it, and the circuit court erred as a matter of law in concluding otherwise.

¶17 WISCONSIN STAT. § 802.09(2), which allows parties to conform a complaint to the evidence under certain circumstances, does not save the circuit court's grant of summary judgment as to liability for damage to the corn. That statute states:

> AMENDMENTS TO CONFORM TO THE EVIDENCE. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

*Id*. Not only did the Farm not move to conform the Complaint to Endries' deemed admission regarding cutting the Farm's corn crop, § 802.09 does not apply in the summary judgment context. *See **Thom v. OneBeacon Ins. Co.***, 2007 WI App 123, ¶¶24-25, 300 Wis. 2d 607, 731 N.W.2d 657 (rejecting argument that amended complaint conformed to the evidence pursuant to § 802.09(2) where

"[t]here was no trial in this case, only arbitration"); *see also* **Thompson v. Town of Brooklyn**, No. 2011AP210, unpublished slip op. ¶20 (WI App Apr. 19, 2012) ("we have previously rejected [the] argument that § 802.09(2) applies outside the trial context"); **Hack-A-Way Forest Prods., Inc. v. DOT**, No. 2012AP1872, unpublished slip. op. ¶16 (WI App Aug. 8, 2013) ("amendment of the complaint to conform to the evidence under WIS. STAT. § 802.09(2), even if it were appropriate on this record, is not available at summary judgment").[10]  Accordingly, as a matter of law, Endries cannot be held liable for damage to the Farm's corn crop under the allegations set forth in this Complaint.

¶18    The circuit court likewise erred in granting summary judgment in favor of the Farm as to the issue of liability for the destroyed rye crop, albeit for a slightly different reason.  There is no question that the crop planted during the three-day period alleged in the Complaint was the Farm's rye crop and that Endries was deemed to have admitted to cutting the Farm's rye crop at some point during 2021.  However, in its Complaint, the Farm did not simply allege that Endries cut the Farm's rye crop during 2021—to the contrary, it specifically alleged that Endries cut the Farm's rye crop during the April 29, 2021, to May 1, 2021 time period.  Because the Farm's request to admit as to the cut rye crop was broadly worded to cover the *entirety* of 2021—as opposed to the three-day period alleged in the Complaint—the deemed admission is insufficient to establish that Endries cut the crop *during* the three-day time period the damage was alleged to have occurred.  Indeed, Endries' deemed admission to having cut the rye crop in

---

[10] **Thompson v. Town of Brooklyn**, No. 2011AP210, unpublished slip op. ¶20 (WI App Apr. 19, 2012), and **Hack-A-Way Forest Prods., Inc. v. DOT**, No. 2012AP1872, unpublished slip. op. ¶16 (WI App Aug. 8, 2013), are cited as persuasive authority pursuant to WIS. STAT. RULE 809.23(3)(b).

2021 would apply to *any* day in 2021 in which the rye crop was growing—not only April 29, April 30, or May 1, 2021. Accordingly, despite the deemed admission, there nevertheless remains a genuine issue of material fact as to whether Endries was the party responsible for cutting the Farm's rye crop during the specific time period alleged. The circuit court therefore erred in granting summary judgment as to liability for the damaged rye crop.[11]

¶19 As a final matter, Endries argues that the Farm cannot recover damages related to crops that were planted in the Town's or the DOT's rights-of-way because the Farm did not have a legal right to plant crops in those locations in the first place.[12] In so asserting, he acknowledges that the question of whether "a landowner who plants crops in the public easement which interferes with the visibility required for the safe use of the public roadway, or who plants crops that create a public nuisance for the safe use of the public roadway, maintain an action for damages against a member of the public who mows those crops to ensure visibility in said public right-of-way, e.g. eliminates the nuisance" "appears to be an instance of first impression."

¶20 Despite this acknowledgment, however, Endries cites nothing more than a Town ordinance, statutes addressing interference with a public right-of-way

---

[11] This court further notes that the Farm's request that Endries admit that he "cut rye planted by Meyer Farms in 2021" can be read in multiple ways. First, it can be read as requesting that Endries admit that he cut the Farm's rye crop at some point in 2021. Alternatively, this request can be read as the Farm requesting that Endries admit that he cut rye crop that the Farm actually *planted* in 2021 (although it is clear from the Record that the Farm planted the specific rye crop in question during 2020).

[12] Endries raised this argument in his motion for summary judgment, which the circuit court denied when it granted the Farm's summary judgment motion, and he again makes this argument on appeal.

12

along a public highway, and cases that address public nuisances generally. What he does not do—despite his recognition that the precise issue he raises appears to be one of first impression—is cite to any authority, binding or otherwise, that actually addresses that issue or that would otherwise assist this court in addressing whether the Farm can claim damages for destroyed crops that were planted in the rights-of-way. To that end, Endries' argument is undeveloped, and this court will not address it further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts may decline to address undeveloped and inadequately briefed issues); *Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (appellate courts "'do not step out of our neutral role to develop or construct arguments for parties'" (citation omitted)).

¶21 In summary, this court reverses the circuit court's judgment granting summary judgment in the Farm's favor as to liability regarding both the cut rye and cut corn, and accordingly, the damages award and grant of attorney's fees must also be reversed. It is therefore unnecessary to further address the remaining issues Endries raises on appeal because the reversal of summary judgment is dispositive. *See State v. Lickes*, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)); *Martinez v. Rullman*, 2023 WI App 30, ¶5, 408 Wis. 2d 503, 992 N.W.2d 853 (this court decides cases on the narrowest possible grounds).

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.