COURT OF APPEALS
DECISION
DATED AND FILED

November 20, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP996**

STATE OF WISCONSIN

Cir. Ct. No. 2023TP17

IN COURT OF APPEALS
DISTRICT II

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO E.M.G., A PERSON UNDER THE AGE OF 18:

N.C.,

PLAINTIFF-APPELLANT,

V.

R.G.,

RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed*.

¶1    GROGAN, J.[1]  N.C. appeals pro se from an order dismissing her petition seeking to terminate the parental rights of R.G., the biological father of N.C.'s child.  The circuit court dismissed the petition after a jury found grounds did not exist to terminate R.G.'s parental rights.  N.C. contends her appointed trial counsel provided ineffective assistance and requests a new grounds trial.  This court affirms.

## I. BACKGROUND

¶2    In February 2019, N.C. and R.G. had a nonmarital child, Elle.[2]  In July 2023, N.C., pro se, filed a petition seeking to terminate R.G.'s parental rights, alleging he abandoned Elle.  N.C. also alleged that Elle witnessed domestic abuse incidents by R.G. toward N.C.  After the circuit court appointed an attorney to represent N.C., an amended termination of parental rights (TPR) petition was filed alleging R.G. abandoned Elle, failed to assume parental responsibility, and did not have a substantial relationship with Elle.  The petition also advised that R.G. was incarcerated.

¶3    R.G. contested the petition and requested a jury trial on the grounds phase.  At the jury trial,[3] N.C. argued two grounds existed to terminate R.G.'s parental rights:  (1) abandonment; and (2) failure to assume parental responsibility.  On abandonment, the jury found R.G. had "good cause" both for not

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2]  Elle is a pseudonym.  *See* WIS. STAT. RULE 809.81(8).

[3]  This information is gleaned from the two verdict forms in the Record.  There are no transcripts in the Record for this court to review.

communicating directly with Elle and for not communicating with N.C. about Elle, and on failure to assume parental responsibility, the jury found R.G. did not do so.  As a result, the circuit court dismissed the petition.

¶4    After N.C. filed her notice of appeal, she did not file a motion requesting we remand to the circuit court to address her claim that she received ineffective assistance of counsel.  *See* WIS. STAT. § 809.107(6)(am).[4]

## II.  DISCUSSION

¶5    In her appellate brief, N.C. argues that her appointed trial counsel was ineffective because he failed to call her husband as a witness and failed to present evidence from domestic violence police reports to the jury.[5]  She believes she would have won her case if her counsel had done so.  R.G. asserts that N.C.'s claims lack merit, she failed to cite legal authority, and she failed to preserve her

---

[4] WISCONSIN STAT. § 809.107(6)(am), as relevant, provides:

> *Motion for remand.* If the appellant intends to appeal on any ground that may require postjudgment fact-finding, the appellant shall file a motion in the court of appeals, within 15 days after the filing of the record on appeal, raising the issue and requesting that the court of appeals retain jurisdiction over the appeal and remand to the circuit court to hear and decide the issue.  If the appellant is not represented by counsel, the appellant shall file any motion under this paragraph within 45 days after the filing of the record on appeal.  The appellant's counsel or, if the appellant is not represented by counsel, the appellant, shall file an affidavit in support of the motion stating with specificity the reasons that postjudgment fact-finding is necessary.

[5] Her pro se brief argues first that her appointed trial counsel was "negligent" and next that he was ineffective.

claims by "bypass[ing]" the circuit court, which is where an ineffective assistance claim must be litigated.[6]    [Red page 9]

¶6      An appellant cannot raise an ineffective assistance of trial counsel claim for the first time on appeal. *See **State ex rel. Rothering v. McCaughtry***, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136 (Ct. App. 1996) ("Claims of ineffective trial counsel … cannot be reviewed on appeal absent a postconviction motion in the trial court."); ***State v. Machner***, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) ("it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel").  "A ***Machner*** hearing is a prerequisite for consideration of an ineffective assistance claim." ***State v. Sholar***, 2018 WI 53, ¶50, 381 Wis. 2d 560, 912 N.W.2d 89.

¶7      In a TPR appeal, WIS. STAT. § 809.107 sets forth the specific procedure governing claims such as ineffective assistance of counsel that require postjudgment factfinding.  Specifically, it requires the appellant to file a motion with this court asking that we remand for factfinding.  Sec. 809.107(6)(am). N.C.'s ineffective assistance claim requires factfinding by the circuit court, and therefore, N.C.'s claim fails because she did not comply with this statutory requirement.

¶8      Because N.C. failed to file a motion for remand so that her ineffective assistance claim could be addressed in the circuit court, this court

---

[6] R.G. also argues that because N.C. was not the "at-risk" parent in the TPR proceedings, she has no ineffective assistance claim at all.  It is not necessary for this court to address this because N.C.'s failure to raise her claim in the circuit court disposes of this appeal. *See **State v. Lickes***, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)); ***Martinez v. Rullman***, 2023 WI App 30, ¶5, 408 Wis. 2d 503, 992 N.W.2d 853 (this court decides cases on the narrowest possible grounds).

cannot address it. Accordingly, this court cannot grant the relief she requests and affirms the order dismissing the petition.[7]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[7] This court also notes that N.C. failed to file a Reply brief, which this court treats as a concession to the arguments made in Respondent's brief. *See **Apple Hill Farms Dev., LLP v. Price***, 2012 WI App 69, ¶14, 342 Wis. 2d 162, 816 N.W.2d 914 (failure to file a reply brief deemed a concession to respondent's argument).